# Law and Equity

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

---

WILLIAM V. BRUYN and ROBERT M. RICHARDSON *vs.* GEORGE
F. COMSTOCK, President of the Syracuse City Bank.

It is enough, to uphold the finding of a judge at the trial, upon a question of
fact, that there was testimony to support it, and that it is not manifestly
against the weight of evidence.

Although an attorney may, within two years after he has recovered a judgment,
acknowledge satisfaction thereon, yet upon a general retainer to collect, he
is not bound to wait the two years before he can maintain an action against
his client, to recover for his services in obtaining the judgment.

He has a perfect right of action against his client for his services in prosecu-
ting suits for the collection of debts and recovering judgments and issuing
executions, from the time the services are rendered; without any previous
presentment of his account, demand, or notice. And if an action is not
brought within six years from that time, the demand will be barred by the
statute of limitations.

In such a case the statute begins to run at least as soon as executions are
issued, if not when the judgments are perfected.

The fact that the client, within six years before the commencement of a suit
   by the attorney for his services, collected several of the judgments in ques-
   tion, will not affect the claim of the attorney; it being, in any event, a legal
   demand against his client, until it is paid, or barred by the statute.

APPEAL from a judgment dismissing the plaintiffs'
   complaint.

The cause was tried before the Hon. WM. J. BACON, at
the Onondaga circuit, in May, 1864, a jury having been
waived. The action was brought to recover the amount
of several bills of costs for services rendered by the plain-
tiffs for the defendant, upon its retainer. The answer set
up the statute of limitations in bar.

The judge found that all the items and charges set
forth in the complaint, accrued unto the plaintiffs, and
the services were performed by them, more than six years
before the commencement of the action. That the de-
fendant did not at any time within six years before the
commencement of the action promise the plaintiffs, either
in writing or otherwise, to pay the demand, or any part
thereof, nor make any payment or payments to them, for or
on account of their said demands, or any part thereof.

The action was commenced the 14th of February, 1864,
and it appeared on the trial, that in 1856 and 1857, the
plaintiffs, who were attorneys and counselors at law, were
retained by the defendant to collect several notes and de-
mands which it held against divers individuals. That
the plaintiffs commenced several suits for the collection
of the notes and demands, and from time to time recovered
judgments, and issued executions thereon; and that be-
fore the 2d of November, 1857, all the judgments had
been rendered and executions issued thereon, and all the
executions returned uncollected, except one, which was
returned and filed on the 26th of December, 1863.

One of the plaintiffs testified that within one or two
months, at farthest, after the 8th of August, 1863, he pre-
sented their account to the cashier of the defendant, who

Bruyn *v.* Comstock.

wanted time to examine the books of the bank, to see whether it had been paid or not; and that the cashier then and there promised not to take any advantage of time, and that if it had not been paid it should be; and that upon one ground and another the defendant put the plaintiffs off, until the time of the commencement of the action.

The cashier of the defendant gave evidence to show that the demands of the plaintiffs were not presented to him until about the 11th of December, 1863. And the judge found that the bill was rendered on that day. He also found as matter of law, that the plaintiffs were not entitled to recover the demands, or any part thereof. That the same were barred by the statute of limitations; and that the complaint should be dismissed. To which findings the plaintiffs excepted.

*William V. Bruyn,* for the plaintiffs.

*E. Furman* and *James Noxon,* for the defendant.

*By the Court,* FOSTER, J. The judge found that the account was not presented by the plaintiffs to the defendant until the 11th of December, 1863. Upon this question there was a conflict of evidence, and, according to well settled rules, the court will not reverse the finding, even though, looking alone to what the testimony on paper discloses, we might have found the other way. It is enough, in order to uphold the finding, that there was testimony to support it, and that it was not manifestly against the weight of evidence. Taking it for granted, therefore, that the bill was presented on the 11th day of December, 1863, and more than six years after all the judgments had been rendered and executions issued, and with one exception actually returned and filed, it is unnecessary to scrutinize the evidence of the plaintiff and cashier, to see whether

the defendant is estopped from setting up the statute of limitations.

It seems to me that the mere statement of the facts disposes of the question. It cannot be doubted that before the 11th of December, 1857, the plaintiffs had a perfect right of action against the defendant for the whole amount of their claim, without any previous presentment, demand or notice; and necessarily the statute had then commenced to run; and before the 11th of December, 1863, the demand was barred.

It is argued that because an attorney may, within two years after he has recovered a judgment, acknowledge satisfaction thereon, the statute does not commence running until after that time has elapsed. And yet I presume no one would claim that upon a general retainer to collect, an attorney was bound to wait the two years before he could maintain an action for his services in obtaining the judgment. Indeed if, after obtaining the judgment and issuing execution thereon, the client should require and obtain the further services of his attorney for the purpose of collecting the judgment, and the attorney should, more than six years after the judgment was perfected, sue the client to recover his compensation, while he could recover for the subsequent service, he could not use those items of charge to take the claim for obtaining the judgment out of the statute. (*Rothery* v. *Munnings,* 1 *Barn. & Ad.* 15.)

On the trial the plaintiff offered to prove that the defendant, within six years before the commencement of this action, collected, without the intervention of the plaintiffs, several of the judgments in question; which testimony was excluded by the court, and the plaintiffs excepted. The ruling of the court was correct. The judgments recovered for the defendant were owned by it exclusively; and whether they were ever collected or not would not affect the claim of the plaintiffs; which was, in any event,

a legal demand against the defendant, until it was paid or barred by the statute. The statute commenced to run at least as soon as executions were issued, if not when the judgments were perfected.

The judgment should be affirmed.

[ONONDAGA GENERAL TERM, January 3, 1865. *Morgan, Bacon* and *Foster*, Justices.]