REAVEY *v.* CLARK *et al.*

(*Supreme Court, General Term, First Department.* March 14, 1890.)

1. ATTORNEY AND CLIENT—LIEN—LIMITATION OF ACTIONS.
   Where an attorney employed to prosecute an action waits more than six years after the action has ended in judgment, and after his services have ceased, before suing for his fees and disbursements, his cause of action being barred by Code Civil Proc. N. Y. § 382, his lien upon the judgment falls with it.

2. SAME—TO WHAT LIEN ATTACHES.
   The lien of an attorney is wholly confined to the judgment, and the proceeds thereof which may come to his hands, or under his control, and does not include a mortgage given in settlement of a suit brought in aid of the judgment.

Appeal from special term, New York county.

Action by Hugh Reavey against Garrett D. Clark, John McMahon, John S. Graber, and Antoinette Graber. The complaint was dismissed, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Hugh Reavey, (George H. Yeaman,* of counsel,) for appellant. *John Mc-Mahon, (Abner C. Thomas,* of counsel,) for respondents.

DANIELS, J.    The plaintiff performed services as an attorney and counselor in an action brought by Garrett D. Clark against John S. Graber and two others in the marine court of the city of New York, and upon an appeal from an adverse judgment to the general term of that court, and from the decision of the general term to the court of common pleas, where the judgment was reversed, and a new trial ordered.    The second trial resulted in a judgment in favor of the plaintiff, and proceedings supplementary to execution were taken upon the judgment after the return of an execution; and that terminated the services of the plaintiff in that action.    They were in this manner ended on the 24th of January, 1878.    After that termination of the action a creditor's suit was brought upon the judgment by John McMahon as attorney for the plaintiff, who has been made a defendant in this action. That action terminated favorably for the plaintiff; and it resulted in a mortgage being given to secure an amount accepted as a satisfaction of the costs and damages recovered in the marine court, and the costs of the creditor's action.    And after this mortgage was received and recorded, and in the latter part of November, 1888, this action was brought to enforce the plaintiff's lien as an attorney, and to obtain payment from the mortgage in this manner received in the creditor's suit.

The defendant Clark, who was the creditor in the action in the marine court, and also in the creditor's suit, relied by his answer upon the statute of limitations as a defense to the action, and the court, at the trial, sustained that defense, and dismissed the action; and, to support the appeal, the defendant has insisted that, while the remedy for the recovery of the debt has been barred by lapse of time, he is still at liberty to enforce his lien against the mortgage in this manner received for the satisfaction of the judgment, and the expenses of the creditor's suit.    But this action was upon a contract, obligation, or liability; and, to recover the amount of the indebtedness, it was required by section 382, Code Civil Proc., to be brought within six years after the right of action accrued.    And, as the last service was performed by the plaintiff in January, 1878, it is clear that an action for the recovery of the debt had become barred when the suit was commenced.    The plaintiff did testify that he had communicated with parties in San Francisco to ascertain whether he could collect the judgment from the other two defendants, but had received a letter in December, 1880, stating the insolvency of these persons; and if that time, instead of the period when the examination of the defendant Graber was closed, could possibly be adopted as the conclusion of the plaintiff's services in the action, it is still within this section of the Code, for nearly eight years elapsed after this letter was received before the suit was commenced.    Reliance was placed, also, in favor of the plaintiff, upon an interview and understanding between himself and the defendant McMahon concerning the prosecution of the creditor's action, and to an agreement that he should be informed of any settlement that might be made in the action, to the end that he might enforce his lien upon the judgment.    But neither this, nor the delivery of the papers which were given to McMahon, nor the letter written to California, was such a service as prolonged the period in which the plaintiff was at liberty to bring an action for the recovery of compensation for his services and disbursements in the action.    They were distinct and separate acts, for his own benefit, in no way extending the time during which his action might be commenced for the recovery of his compensation.    The section of the Code which has been referred to, in no way distinguishes between an action for the mere recovery of a debt, and one to enforce its payment in the manner that was designed to be enforced from the amount of the

mortgage. It either case the debt itself is the cause of action. It is to recover satisfaction for it that this action was brought. And, whether the object is a judgment for the amount of money claimed, or an additional judgment declaring it to be a lien upon specific property, this section of the Code requires it to be brought within the period it has specified; and the time within which it may be brought has not only been defined and declared by the section, but by the authorities applicable to a claim of this description. When the service has been completely rendered, then the right of action is perfect, where no credit for future payment has been given. *Bathgate* v. *Haskin,* 59 N. Y. 533; *Bruyn* v. *Comstock,* 56 Barb. 9; *Adams* v. *Bank,* 36 N. Y. 255; *Bruce* v. *Tilson,* 25 N. Y. 194. And where the right to recover the debt has been lost, the right to enforce an incidental lien existing for its payment will be lost with it. *Borst* v. *Corey,* 15 N. Y. 505.

The sixty-sixth section of the Code of Civil Procedure affords no assistance to the plaintiff's action, by any construction which can be given to it; for it does not extend his time, and was not enacted until after the plaintiff's lien upon the judgments recovered by him had accrued, and it has been held to be prospective only in its operation and effect. *Goodrich* v. *McDonald,* 112 N. Y. 157, 19 N. E. Rep. 649. In that case the lien of the attorney, and his remedies for its enforcement, were very fully considered and declared; and the remedies available to him were regarded as excluding the right to bring and maintain an equitable action of this description. 112 N. Y. 164, 19 N. E. Rep. 651. His lien was wholly confined to the judgment, and the proceeds of that judgment which might come into his hands, or be subjected to his control. It did not extend to or include the mortgage in this manner received for the settlement of the demands in the creditor's suit. A further examination of the attorney's remedies was made in *Randall* v. *Van Wagenen,* 115 N. Y. 527, 22 N. E. Rep. 361, and the same inability to maintain an equitable action for the enforcement of the lien was again asserted by the court. 115 N. Y. 532, 22 N. E. Rep. 362. It is not requisite to consider whether the plaintiff would not be at liberty, as the law has been applied in the English courts, to assert and enforce his lien after the statute of limitations has barred his remedy for the recovery of the debt; for in this state, by the provision of the Code which has been mentioned, whatever action may be taken by the attorney must be commenced within six years from the time when the right to commence it accrued. This was not done, and the judgment should be affirmed. All concur.