ROSS v. BAYER–GARDNER–HIMES CO.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

ATTORNEY AND CLIENT—COMPENSATIONS—REASONABLE VALUE OF SERVICES.

The attorney of plaintiff, who prosecuted claims to judgment after plaintiff had assigned his interest therein to an assignee with authority to continue the action, and who agreed to pay plaintiff all money in excess of a specified sum, was entitled from the proceeds to the reasonable value of his services, limited by a bill rendered for services and disbursements, together with the reasonable value of subsequent services.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 407–411.]

Appeal from Special Term.

Action by Charles R. Ross against the Bayer-Gardner-Himes Company. From an order refusing to confirm the report of a referee

determining the lien of John Aitken, plaintiff's attorney, for services in the action, the Old Colony Realty Corporation, plaintiff's assignee, appeals. Modified and affirmed.

See 87 N. Y. Supp. 36.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

A. J. Skinner, for appellant.

George R. Westerfield, for respondent.

INGRAHAM, J.   This is a proceeding to substitute the Old Colony Corporation as plaintiff in this action, to determine to whom the moneys to be collected upon certain judgments in favor of the plaintiff should be paid.   By an agreement executed on the 10th day of September, 1902, the plaintiff assigned, transferred, and conveyed to the Old Colony Realty Company all its right, title, and interest in certain claims against the defendant, and authorized the said corporation to continue such actions in the name of the plaintiff; the corporation agreeing to pay to the plaintiff all money recovered in said action or actions received by the Old Colony Realty Company in excess of the sum of $2,230.65 and interest, whether the same be for costs or for damages.   The action was tried in October, 1904, and resulted in a verdict for the plaintiff for $2,433.04.   The defendant appealed to this court, where the judgment was affirmed, and subsequently to the Court of Appeals, with the like result.   John Aitken was the attorney for the plaintiff in such action, and remained the attorney of record down to the affirmance of the judgments by the Court of Appeals.

When the application came on to be heard at Special Term, a referee was appointed to take the proof and ascertain the extent and the amount of the lien as existing in favor of John Aitken for services and disbursements respecting the original judgment rendered upon the verdict of a jury and the two judgments on appeal.   The referee reported that the plaintiff was entitled to receive out of the proceeds of said judgments the costs and disbursements as taxed, and the sum of $150 expended by him for premiums on surety bonds subsequent to the assignment of the causes of action to the petitioner; that the Old Colony Realty Company be entitled to receive the balance.   The plaintiff's attorney filed exceptions to this report, and upon motion to confirm it the Special Term denied the motion and ordered the sheriff to pay out of the money in his hands, first, the referee's fees, and, second, to the plaintiff's attorney the sum of $1,535.34 as the value of his services, and the balance of the money to the Old Colony Realty Corporation.   After the affirmance of this judgment by the Appellate Division, the plaintiff's attorney rendered a bill to the Old Colony Company for $882.43, which he testified was the reasonable value of his services up to that time.

I agree with the court below that the plaintiff's attorney was entitled to the reasonable value of his services; but I think that the amount to be paid him should be limited to $882.43, the amount of his bill for services and disbursements up to the time that this court affirmed the judgment, the costs in the Court of Appeals, and $100 for his

services in the Court of Appeals. The amount of the costs as taxed in the Court of Appeals was $104.10. The plaintiff should be paid his bill of $882.43, $104.10 costs in the Court of Appeals, and $100 for his services in the Court of Appeals, making in all $1,086.53; the balance to be paid to the Old Colony Realty Company.

The order should be modified, by directing the payment to the plaintiff's attorney of $1,086.53, and, as modified, affirmed, without costs. All concur.