EDWARD LYNN, Respondent, *v.* FLORENCE A. AGNEW and SARAH A. McCANN, Appellants, Impleaded·with SIMON H. AGNEW, Defendant.

Fourth Department, July 3, 1917.

Attorney and client — action to recover for professional services rendered — when grantee of lands involved in action of ejectment not liable for attorney's compensation — right of client to discharge attorney.

Where, pending an appeal from a judgment for defendants in an action of ejectment, the defendants by a warranty deed conveyed the premises to a third person who was not a party to the action, the grantee cannot

be held liable for professional services rendered by the defendants' attorney in conducting the appeal, upon the theory that she was bound by an implied contract to pay, where there is no pretense that she in any way retained the attorney or gave any direction in respect to the case.

The benefit conferred upon the grantee by the success of the defendants on appeal did not make her liable for the attorney's compensation, for she was protected in her title by her grantors' covenant of peaceable possession.

Moreover, she cannot be made liable for attorney's fees, where there is no proof that her acquisition of title increased the attorney's labors and he did only what he was required to do under his original retainer by the grantors.

Said grantee cannot be made liable upon the ground that she failed to reply to a letter of the attorney stating that he would look to her for compensation, for she was a stranger to him and to the litigation and owed no duty to reply.

A client may discharge his lawyer with or without reason at any time and the lawyer can recover only the value of the services rendered.

MERRELL, J., dissented, with memorandum.

APPEAL by the defendants, Florence A. Agnew and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 25th day of September, 1916, upon the decision of the court, a jury having been waived.

*Charles S. Gordon* [*C. D. Kiehel* of counsel], for the appellants.

*Joseph McSweeney* [*Edward Lynn* of counsel], for the respondent.

LAMBERT, J.:

Some time in the year 1912 one Barnes brought an ejectment action against the defendants Agnew. Issue was joined therein. The plaintiff in this action was the defendants' attorney in that case. After issue it came to trial and resulted favorably to the defendants. The judgment thus obtained on appeal was affirmed in this court. (See *Barnes* v. *Agnew*, 172 App. Div. 933.) After the appeal was taken, the Agnews, by warranty deed, conveyed, with other lands, the premises involved in that action to the defendant McCann. She was not made a party to the ejectment action. After securing the judgment in the initial court and during the pendency of the appeal to the Appellate Division, the plaintiff in this

action brought suit against the Agnews to recover for services rendered therein. His recovery was resisted by the defendant Florence A. Agnew upon the ground that she had, at no time, employed him as her attorney. He recovered a judgment, however, and the same has been paid.

After an affirmance of the judgment in the ejectment action, in this court, the plaintiff rendered a bill for his services in conducting the appeal against the Agnews and Mrs. McCann, the grantee. Upon refusal to pay, this action was brought to recover the same. The defendants put in issue the material allegation of the complaint. A jury was waived and the case tried before the court. The plaintiff obtained judgment against both defendants and they appeal.

The rendition of service and its value are not in controversy. Employment of the plaintiff by the defendant McCann, and his discharge from employment by the defendant Agnew, were the only questions litigated. Except the initial employment of plaintiff by the Agnews, the evidence, relevant to the issues tried, consisted of letters passed between the parties, in substance, as follows:

November 6, 1915, the plaintiff wrote the defendants that the printed case on appeal and notice of argument given for the November term had been served on him, and requested them to designate an attorney to look after the appeal and that he would turn over all the papers in the action upon payment of the value of his services; also that in default of so doing, he would deem it his duty to perform such services as their legal rights required, and in the latter event he would "look to you and each of you, and to the said property * * * for payment." The defendant McCann made no reply. The defendant Agnew, six days thereafter, wrote the plaintiff repudiating his employment and any obligation of account thereof, and directed him to turn over all papers to one C. D. Kiehel and stipulate his substitution, and concluded, "also please take notice that if you refuse to do so and continue to appear for me in this action, upon the appeal now pending in the Appellate Division, you do so voluntarily and without any authority or obligation on my part."

Four days later, and on November sixteenth, the plaintiff wrote her in reply that he would be glad to turn over the

papers and stipulate substitution upon payment of $100 for
services since the service of the notice of appeal, and also
." if I continue in charge of the appeal, I will charge in
addition,  *  *  *  $150 for preparing brief and arguing the
same," besides printing, etc.

A like letter was sent to her husband, which does not seem
pertinent here. He conceded the employment and did not
defend. Nothing further was done by the defendants and
the plaintiff continued as attorney of record for the Agnews,
prepared a brief, argued the case and secured a favorable
determination in the Appellate Division. In this state of the
proof the trial court made a finding that the services rendered
in conducting the appeal were " performed  *  *  *  for all
of said defendants for their benefit and at their special instance
and request."

The right of the plaintiff to recover against either defendant
must rest in contract, express or implied. Section 474 of the
Judiciary Law (Consol. Laws, chap. 30 [Laws of 1909, chap.
35], as amd. by Laws of 1912, chap. 229) reads: " The com-
pensation of an attorney or counsellor for his services is gov-
erned by agreement, express or implied, which is not restrained
by law."

In the case of the defendant McCann no express contract
is established or claimed either on the trial or here. She
was not a party to the ejectment action and no pretense is
made that she gave any direction in respect to the case. The
recovery had against her is sought to be upheld upon the
theory of an implied promise. It is argued that the promise
springs from benefits conferred upon her acquired title pending
and, by the performance of services by the plaintiff, under
a retainer from the Agnews.

·No doubt she was benefited. The result of the litigation
determined in her, in legal effect, the title to the lands involved.
Besides, an adverse decision might have subjected her to
the payment of taxable costs. She did not, however, seek
or invite the services through which the benefits resulted.
They came to her as a sequence from conduct and action
beyond her direction or control. She held a warranty deed
of the Agnews. The covenant of peaceable possession was
an indemnity to her, against loss of possession. To avoid

liability the Agnews' interest in the litigation continued to protect the title conveyed. In this situation there arose a right to determine where and how her best interests would be served. She could elect to join in defending the ejectment action which would involve liability for attorney's services, or remain passive, and stand on her deed for indemnity. She chose the latter course. Under these circumstances, the law should not make the promise for her that she chose not to make.

Apart from her legal rights, outlined, there is a failure of proof that her acquisition of title increased the labor of the plaintiff. So far as it appears in the record, he did nothing that he was not required to do under his retainer from the Agnews. This seems to be a forcible reason why he should not recover against her. He had a contract with the Agnews for all he did, if he is right in his contentions in seeking to recover against them.

It is urged that defendant McCann's consent to pay is presumptive because of her omission to reply to plaintiff's notice that if he continued in the litigation he would look to her, the Agnews, " and to the said property * * * for payment." This, at most, is but a proposal that if he continued he would charge her for services for which he had been employed by the Agnews to perform. Nothing beyond was threatened or performed. He had no contract relation with her. She was a stranger to him and the litigation. She owed him no duty to reply. The defendant Agnew's appeal presents the question whether a party can effectively discharge an attorney at any stage of litigation without advance payment of services done. This query is amply answered by the case of *Martin* v. *Camp* (219 N. Y. 170) and cases there cited. If it ever was doubted, it is now settled that a client may discharge a lawyer, with or without reason, at any time, and the lawyer can recover only the value of his services rendered.

It appears that some services were rendered by the plaintiff before his discharge by the notice of November sixteenth, for which he has not been paid.

The judgment is reversed against the defendant Agnew, and a new trial granted, with costs to appellant to abide

the event.    The judgment against the defendant McCann is reversed, with costs.

All concurred, except MERRELL, J., who dissented in a memorandum.

MERRELL, J. (dissenting):

I think the plaintiff upon the evidence is entitled to a recovery against the defendant Florence A. Agnew.    The ejectment action which was originally against her husband and herself, who were tenants by the entirety of the real property in dispute, was defended by the respondent Lynn successfully.    He was unable to get pay for his services and it was necessary to bring an action to recover the same in which he succeeded.    Naturally, Mrs. Agnew thereupon became estranged from her attorney and probably through the effort of her new-found counsel she sought to terminate the relations of attorney and client which had originally existed.

On November 6, 1915, notice was given by respondent of the pendency of the appeal from the judgment in the ejectment action, and its imminent argument before the Appellate Division, and requesting substitution of attorneys and signifying a willingness on his part to turn over all papers and exhibits in the action and to consent to the substitution of any attorney that might be agreeable to defendants upon payment in full for his services since the appeal had been taken, and further notifying Mrs. Agnew and her husband and Mrs. McCann, who had acquired title to the real property during the pendency of the litigation, that unless substitution was made he would deem it his duty to continue and to prosecute the appeal in their behalf.    Thereupon, on November twelfth, Mrs. Agnew wrote the respondent disclaiming any previous employment or authorization for him to act as her attorney in the action and requesting that he stipulate a substitution of one Kiehel as her attorney.    Four days later respondent wrote Mrs. Agnew saying that he would be glad to sign a stipulation substituting Kiehel and to turn over all papers to him upon payment of the sum of $100 as and for his charge for services performed since the service of the notice of appeal.    In this letter of November sixteenth

respondent also advised Mrs. Agnew that her husband, the defendant Simon H. Agnew, had recently requested respondent to continue as attorney upon the appeal and urged upon her the advisability of getting together with her husband and arranging the matter in some way, as the appeal would be argued soon. He further stated to her that if he continued in charge of the appeal he would charge her in addition to the sum of $100 above mentioned, the further sum of $150 for preparing the brief and arguing the appeal and that there would be an additional cost for the printing of the brief, which would not exceed $20. At the same time he wrote Mr. Agnew to the same effect. From that time on there was no further request for substitution on the part of Mrs. Agnew or her husband and no reply was made by either of them to plaintiff's letter of November sixteenth. Not hearing from either defendant, respondent then proceeded to prepare his brief and argue his appeal in the Appellate Division and the judgment which he had theretofore obtained in favor of the defendants was affirmed.

Under these circumstances, it seems to me that the defendant Florence A. Agnew should be held liable for the value of respondent's services. I think respondent's letter of November sixteenth called for a reply. In addition to stating that he would require the payment of $100 for his services before he would turn over the papers, respondent's letter contained the further information that her husband had employed him to continue as attorney on the appeal and stating to her that she should arrange matters with her husband at once, as the argument was pending and that in case respondent continued to represent them upon the appeal there would be an additional charge for services and for printing the brief above mentioned. She was not in possession of any of this information at the time she wrote the letter of November twelfth. I think the additional statements and information contained in respondent's last letter called for a reply on Mrs. Agnew's part, and from the evidence and what transpired subsequent to respondent's last letter, it is apparent that Mrs. Agnew acquiesced in his continuing as her attorney and should be held liable to pay for his services.

I am also of the opinion that the judgment should be

affirmed as to the defendant Sarah A. McCann. It is true she was not a party to the original action, but during its pendency she took title to the premises in dispute and at the time of the trial and of the appeal she was the party chiefly interested. In fact, she was the only party really interested, as she owned the premises, and if the appeal had been decided adversely to her she would have lost the real estate. It was a matter of concern to her that the finding of the trial court should be upheld. Notice was given to her along with the Agnews on November sixth; she was told of this appeal which was pending and in which she was vitally interested, and she was told that unless respondent heard from her to the contrary he would prosecute the appeal in the appellate court and would look to her with the other defendants for reimbursement for his services. Being apprised of the situation, it would have been gross negligence on her part had she allowed the matter to go by default and be unrepresented upon the appeal. Under these circumstances, I think she should be held liable to plaintiff for his services, and that, being vitally interested and receiving the benefits of respondent's services under notification that those services were to be performed, respondent may look to her for reimbursement, and she cannot, after her rights have been protected and the appeal prosecuted to a successful termination, claim that she is not obligated to pay. I think there is enough to make an implied agreement on her part to pay the attorney for the services rendered in her behalf. It is all very well to say that she would have the right of action over against her grantors under the warranty in her deed in case the appeal was successful and the judgment of the trial court reversed. But these premises were hers. Presumably, she wanted to retain possession of them and the mere right of recovery back from the warrantors of the purchase price which she had paid, or indemnity by reason of losing the property deeded to her, might not recompense her for the loss of the property itself.

I do not think the fact that she was not an original party to the action was controlling, and that, as successor in interest to the Agnews, she should be held liable to at least share in the payment of respondent's services. (*Ross* v. *Bayer-Gardner-Himes Co.*, 123 App. Div. 404.)

Respondent testifies that he received no further word from Mrs. McCann until on or about the 9th of February, 1916, after he had prosecuted the appeal to a successful termination in her favor, when she wrote him a letter, Exhibit 2, disclaiming any liability for his services and also stating that notice had been served upon him in answer to his notice of November 6, 1915, to the effect that she had neither retained nor employed him. Respondent denies ever having received any such notice, and I think it was properly found upon the evidence that no such notice was given by the defendant McCann.

I think the judgment appealed from should be affirmed both as to the defendant Agnew and as to the defendant McCann.

Judgment reversed and complaint dismissed as to the defendant McCann, with costs, and a new trial granted as to the defendant Agnew, with costs to her to abide the event. Certain findings of fact as to the defendant McCann are disapproved and new findings made in place thereof.