In the Matter of the Petition of GEORGE J. SCHNELLER to Enforce an Attorney's Lien against the Judgment Filed in the Queens County Clerk's Office on July 11, 1921, Entitled CHRISTOPHER BRENNAN, Plaintiff, *v.* MAX B. ROGERS, Defendant.*

Supreme Court, Queens County, March 3, 1930.

*George J. Schneller*, for the petitioner in person.

*Milton Reichgott*, for the respondent Brennan.

CROPSEY, J. Proceeding to enforce an attorney's lien. Such a proceeding is not a motion in an action but is a special proceeding (*Peri* v. *N. Y. Central R. R. Co.*, 152 N. Y. 521; *Matter of Cartier* v. *Spooner*, 118 App. Div. 342), and the party proceeded against has

---

* Affd., 230 App. Div. 710.

the right to interpose any defense available to him in an equitable action. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 492, 502.)

By written stipulation the facts set forth in the petition are conceded to be true, and the only matter to be decided is the " question of law raised by defenses of laches and Statute of Limitations." Treating the claim of the petitioner as one that he could at all times have enforced, respondent contends that the right to enforce the claim has been lost by the delay of over eight years.

The petitioner was the attorney for the plaintiff in an action in which judgment was entered in June, 1921. At that time petitioner's service terminated and this proceeding was not begun until the latter part of 1929. If petitioner's claim for services was enforcible at all times since the judgment was entered I think his claim would be barred by the Statute of Limitations. While this proceeding in a sense is akin to an equitable action to enforce the lien, the petitioner's claim is based upon his contract of employment. The fact that he has a lien gives him an additional remedy, but nothing more. The lien is quite distinct from the claim and is merely in the nature of security for the latter. (*Rochester Distilling Co.* v. *O'Brien,* 72 Hun, 462, 464.) The same provision of the Statute of Limitations applies to such a proceeding as this as would apply had the petitioner sued at law upon his claim. (*Reavey* v. *Clark,* 9 N. Y. Supp. 216.) In the cited case it is stated: " In either case the debt itself is the cause of action. It is to recover satisfaction for it that this action was brought. And, whether the object is a judgment for the amount of money claimed, or an additional judgment declaring it to be a lien upon specific property, this section of the Code requires it to be brought within the period it has specified " (within six years). And such is the general rule where liens exist as mere incidents to, and as security for, legal claims. (*Borst* v. *Corey,* 15 N. Y. 505; *Fuller* v. *Morian,* 85 Misc. 529.) An attorney's compensation for services rendered is governed by agreement. (Judiciary Law, § 474, as amd. by Laws of 1912, chap. 229; *Lynn* v. *Agnew,* 179 App. Div. 305, 308; affd., *sub nom. Lynn* v. *McCann,* 226 N. Y. 654.) Such a claim must be enforced within six years. (Civ. Prac. Act, § 48.) The limitations on actions prescribed in the Practice Act apply also to special proceedings. (Civ. Prac. Act, § 10.) In the absence of an agreement to the contrary, an attorney's claim for services accrues when the services are rendered, and he may recover for them without any previous presentment of account or of demand; and if the action is not brought within six years the claim is outlawed. (*Bruyn* v. *Comstock,* 56 Barb. 9.)

The petitioner urges that his proceeding is based upon a judgment and that it is, therefore, excepted from the six-year rule. His claim, however, is not based upon the judgment; it is based upon an agreement between him and his former client which has never been reduced to judgment. He does not seek to enforce the judgment, but merely to have a lien impressed upon it for the amount of his claim. Nor does the fact that the statute gives an attorney a lien aid petitioner. The statute gives an attorney a broader lien than he had before its enactment, but it does nothing more than give him security. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, *supra*, at p. 500.)

Respondent's defense, however, is not made out, because the petitioner under his claim with his former client was not entitled to his compensation when the judgment was entered. The petitioner's compensation for his services was to be one-third of the amount of the judgment recovered. This the petition states and it evidently means that petitioner's right to recover anything was conditioned upon the judgment or some part of it being paid. Petitioner's claim, therefore, would not arise until the time came when his former client received a payment under the judgment. The petition shows that that time came just before this proceeding was commenced. Therefore, the Statute of Limitations has not run, but instead has just begun to run. (*Greenley* v. *Greenley*, 114 App. Div. 640, 642.)

Application granted, with costs. Settle order on notice.