**NEWMAN & SCHWARTZ, Plaintiff,**

v.

**ASPLUNDH TREE EXPERT CO., Defendant.**

No. 95 Civ. 0810.

United States District Court, S.D. New York.

March 12, 1996.

Paul A. Batista, Newman & Schwartz, New York City, for plaintiff.

Walter P. Loughlin, Latham & Watkins, New York City, for defendant.

## MEMORANDUM and ORDER

BATTS, District Judge.

Plaintiff brought suit for payment of legal fees alleged to be guaranteed by Defendant, but incurred by an employee of the Defendant's subsidiary. Defendant has moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. For the reasons stated below, Defendant's Motion is granted, and Plaintiff's Complaint is dismissed in its entirety.

## I.  BACKGROUND

In May 1990, Defendant Asplundh Tree Expert Co. ("Asplundh") entered into a stock sale agreement with Robert E. Bates ("Bates"), who was the CEO and majority shareholder (Compl. ¶ 5), of Vanguard Meter Service, Inc. ("Vanguard"), and other Vanguard Shareholders for the sale to Asplundh of all the Vanguard stock.[1]  (Bates Aff. ¶ 4.) Bates received $3.5 million in exchange for the shares. (Tatoian Aff. ¶ 2.)  At that time, Bates entered into an Employment Agreement with Vanguard for a term of 5 years. (Bates Aff. ¶ 5.)  Following the sale, Bates was elected to the Board of Directors at Vanguard. (Compl. ¶ 6.)  In August 1991, Bates was asked to resign because both the United States Attorney's Office and the New York County District Attorney's Office had commenced investigations of Bates and Vanguard. (Bates Aff. ¶¶ 7–8, 10.)  As a result of the requested resignation, a second Employment Agreement was negotiated on August 20, 1991. (Bates Aff. ¶ 13.)  Asplundh, Vanguard and Bates executed the Employment Agreement ("1991 Agreement") (Compl. ¶ 7), which described Bates's restricted duties at Vanguard and provided for the salary and benefits guaranteed to Bates.[2] (1991 Agreement.)

---

[1]. The Complaint alleges June 29, 1990, (Compl. ¶ 5), as the date for the sale of Vanguard to Asplundh but the parties agree on the May 1990 date for the day Asplundh purchased all of the outstanding stock of Vanguard.

[2]. The 1991 Agreement provided for a term of employment of 46 months, ending June 1995. (1991 Agreement 1(b).)  Paragraphs 1(a) and 2 set out Bates's duties. Bates's salary was set at $240,000.00.

The 1991 Agreement states, "Said salary and related benefits shall be guaranteed by Asplundh Tree Expert Co." (1991 Agreement 3(a).) However, the 1991 Agreement does not define "related benefits." [3]

Also on August 21, 1991, Bates, Vanguard and Asplundh executed a letter agreement ("Letter Agreement") which provided, among other things,[4] for the payment, by Vanguard, of Bates's legal fees for defense of any criminal actions brought against him in the scope of his employment. (Letter Agreement ¶ 5.)[5]

In November 1991, Bates retained Plaintiff Newman & Schwartz ("N & S") to represent him in connection with a 206-count-indictment brought in New York County, charging Bates and Vanguard with fraud, perjury, and the filing of false instruments. (Compl. ¶ 9; Def.'s Mem. Law at 3.) On November 6, 1991, N & S faxed a copy of its retainer agreement with Bates, containing a guaranty of payment rider by Asplundh for signature, and a cover letter, to Mr. Phillip Tatoian, General Counsel of Asplundh. (Tatoian Aff. ¶ 9, Ex. C; Newman Aff. Ex. B.) On November 7, 1991, N & S sent a second letter again requesting Asplundh's guarantee of Bates's legal fees. (Tatoian Aff., Ex. D; Newman Aff. Ex. D.) There is no evidence of an Asplundh reply to either communication. (Newman Aff. ¶¶ 11–12; Tatoian Aff. ¶ 9.)

N & S represented Bates at the arraignment on November 7, 1991, until the conclusion of the case against Bates on November 2, 1994, at which time Bates pled guilty to a misdemeanor.[6] (Compl. ¶¶ 11–14.) At the

conclusion of N & S's representation of Bates, the legal fees totalled $494,419.97. (Compl.¶ 16.) Vanguard has filed for bankruptcy and Plaintiff has submitted a claim for attorney's fees which is currently pending. (Tatoian Aff. ¶ 11.)

## II. DISCUSSION

"On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (1995) (citations omitted). "The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Walker v. City of N.Y.*, 974 F.2d 293, 298 (2d Cir.1992) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119 (2d Cir.1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957))), *cert. denied*, 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993).

### A. Whether the Complaint Fails to State a Claim for Breach of Contract

#### 1. *Forum Selection Clause*

■ The 1991 Agreement contains a forum selection clause which indicates that, in the event of a dispute, Kentucky law shall apply. The Second Circuit has consistently held that, in cases brought under diversity jurisdiction, a forum selection clause shall be

---

**3.** The 1991 Agreement does, however, describe "Fringe Benefits" which includes health insurance, vacation, country club membership dues, and sick leave. (1991 Agreement ¶ 4.)

**4.** The Letter Agreement also provided (1) for the retention of rights by Bates and Vanguard of any libel, slander, or malicious prosecution suits they might have, (2) that neither Vanguard or Asplundh will hold Bates personally liable for corporate debts or obligations, (3) conditions of how Bates would repay loans he owed Vanguard, and (4) a provision for office space.

**5.** The fifth paragraph states:
The defense of any criminal action and payment of reasonable legal fees will be provided

by Vanguard, and every effort will be made to continue representation by existing counsel, unless that counsel determines that a conflict exists. In the event that you are personally convicted of a crime based upon willful actions outside the scope of your employment and duties, you agree to repay to Vanguard that portion of the defense costs attributable to those offenses only.

**6.** Vanguard was represented by Mudge Rose Guthrie Alexander & Ferdon. (Compl. ¶ 11.) After Bates entered a plea of guilty, Vanguard followed suit by pleading guilty, in December 1994, to a misdemeanor. (Compl. ¶ 15.)

upheld, unless it can be shown that "enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." *Jones v. Weibrecht,* 901 F.2d 17, 18 (2d Cir.1990) (citing *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)); *Seward v. Devine,* 888 F.2d 957, 962 (2d Cir.1989).

There has been no allegation that the forum selection clause should not be applied here; in fact, the parties cite to both New York and Kentucky law. Hence, finding that the clause is reasonable and that no evidence of overreaching or fraud exists, the Court will apply Kentucky law.

### 2. *Defendant is Not Obligated Under the Contract to Pay Bates's Legal Fees*

■ Defendant argues that the Letter Agreement provides that Vanguard, and not Asplundh, promised payment of Bates's legal fees. Plaintiff, apparently ignoring the wording of the Letter Agreement which does specifically address legal fees, relies on the 1991 Agreement, and responds that Asplundh guaranteed all related benefits conferred on Bates. However, there is no definition of "related benefits" in the 1991 Agreement. The 1991 Agreement merely states, "[s]aid salary and related benefits shall be guaranteed by Asplundh Tree Expert Co." "In interpreting a contract, courts should give the words their ordinary, common sense, and generally accepted meaning." *United States ex. rel. Ken's Carpets Unlimited, Inc. v. Interstate Landscaping Co.,* Nos. 92–6571, 92–6631, 37 F.3d 1500, 1994 WL 481684, at *4 (6th Cir. Sept. 6, 1994) (citing *Robich v. Patent Button Co.,* 417 F.2d 890, 892 (6th Cir.1969)). The Court finds that benefits "related" to salary include benefits such as vacation and sick pay, health insurance and disability. Indeed, these types of benefits were detailed in the very next paragraph of the Agreement. (1991 Agreement ¶ 4.) Legal fees, on the other hand, are not benefits that are generally accepted as related to salary. They are a benefit that would be detailed and tailored to specific circumstances. Furthermore, the Letter Agreement specifically states that Vanguard would be providing the legal fees; Asplundh is not

mentioned in the paragraph dealing with legal fees. Therefore, on the face of the documents, Asplundh did not undertake to provide for Bates's legal fees.

### B. Plaintiff is Not a Third–Party Beneficiary to the Contract

■ To recover under a contract to which one is not a party, one faces Kentucky's longstanding rule that "it is indispensably essential that he allege and prove that the contract was intended for his benefit in the sense that it embraces the claim asserted by him." *United States v. Allstate Ins. Co.,* 754 F.2d 662, 665 (6th Cir.1985) (quoting *Louisville & Nashville R.R. Co. v. Dry Branch Coal Co.,* 252 Ky. 124, 65 S.W.2d 1008, 1011 (1933)); *Guarantee Elec. Co. v. Big Rivers Elec. Corp.,* 669 F.Supp. 1371 (W.D.Ky.1987) (citing *Sexton v. Taylor County,* 692 S.W.2d 808, 810 (Ky.App.1985)). Furthermore, the contract must be "directly and primarily for the benefit of such third person." *Allstate,* 754 F.2d at 665 (quoting *Long v. Reiss,* 290 Ky. 198, 160 S.W.2d 668, 674 (1942)); *King v. National Indus.,* 512 F.2d 29, 32 (6th Cir.1975). There is a presumption that the parties did not intend to benefit a third-party. *King,* 512 F.2d at 32. If the parties did not intend to benefit the third party, then he is no more than an incidental beneficiary, with no right to enforce the contract. *Id.* "The only parties having such rights are donee beneficiaries and creditor beneficiaries." *Id.* at 33. Therefore, if the purpose of the contract was to make a gift to the third-party beneficiary, or if the contract had an expressed intent that the third-party beneficiary receive the performance of the contract in satisfaction of a duty owed to the beneficiary by the promisee, then third-party beneficiary status exists. *Id.; Guarantee,* 669 F.Supp. at 1376.

■ The Agreement at issue was among Asplundh, Vanguard and Bates. The Plaintiff was not a party to the Agreement, nor was it counsel to Bates at the time the Agreement was signed. The Agreement provided that Bates's legal fees would be paid, but it does not specify for the services of Plaintiff. There is no express intent that N & S receive legal fees; hence, it is not a

creditor beneficiary. N & S was not promised a gift in the contract, hence, it is not a donee beneficiary. Unable to fit into either category, N & S is merely an after-the-fact, incidental beneficiary, not entitled to recover under the Agreement.

### C. Plaintiff Cannot Recover for Quantum Meruit/Unjust Enrichment

 Defendant argues that New York law applies to the unjust enrichment/quantum meruit claims of the Plaintiff. Plaintiff does not dispute this contention. As the quantum meruit claim is not brought pursuant to the 1991 Agreement, the forum selection clause does not apply. However, the Court must inquire as to whether New York has a superior interest in having its law applied to the Plaintiff's claim. The claim for attorney's fees and implied contract, if any, developed in New York. Plaintiff is from New York. Although, Defendant is a Kentucky corporation, it does not object to the application of New York law. Therefore, the Court will apply New York law. *See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank*, 731 F.2d 112, 121 (2d Cir.1984).

Unjust enrichment and quantum meruit (Counts Two and Three of the Complaint) are usually analyzed together as "[t]hese two doctrines are related theories that are best addressed as a whole since the latter is merely the means by which the former is remedied.'" *Benevento v. RJR Nabisco, Inc.*, No. 89 Civ. 6266, 1993 WL 126424, at *6 (S.D.N.Y. Apr. 1, 1993); *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 768 F.Supp. 89, 96 (S.D.N.Y.1991), *rev'd on other grounds*, 959 F.2d 425 (2d Cir.1992); *accord Perkins v. Daugherty*, 722 S.W.2d 907 (Ky. App.1987). Quantum meruit is awarded when one should be compensated for his services in order to prevent the unjust enrichment of another.[7]

Plaintiff claims it indirectly conferred a benefit on Vanguard, and, consequently, on Asplundh, by "successfully moving against the indictment ... [and] securing the favorable termination of the criminal litigation against Vanguard." (Compl.¶¶ 23, 26.) However, Plaintiff has no claim for quantum meruit, because it is well established that the mere receipt of benefits from legal service does not create an obligation to pay the value of those legal services. *See Feick v. Fleener*, 653 F.2d 69, 77 (2d Cir.1981) (citing *In re Loomis*, 273 N.Y. 76, 6 N.E.2d 103 (1937)); *Lynn v. Agnew*, 179 A.D. 305, 166 N.Y.S. 274 (4th Dep't 1917), *aff'd*, 226 N.Y. 654, 654, 123 N.E. 877 (1919). Furthermore, if an express contract exists, covering the services for which the plaintiff is seeking damages, then there can be no claim in quantum meruit. *Seiden*, 768 F.Supp. at 97; *O'Keeffe v. Bry*, 456 F.Supp. 822, 831 (S.D.N.Y.1978) (quantum meruit recovery is unavailable when the services for which it is sought are covered by an express contract). Here, there was an express contract covering the payment of Bates's legal fees. Hence, N & S cannot recover on a claim of quantum meruit/unjust enrichment.

### III. CONCLUSION

For the foregoing reasons Plaintiff's claims are hereby DISMISSED in their entirety.

SO ORDERED.

---

7. A plaintiff needs to prove three elements. First, the plaintiff needs to prove that the defendant was enriched. Second, that such enrichment was at plaintiff's expense and third, acceptance of the benefit, under the circumstances, must render retention of the benefit without payment unfair. *Benevento*, 1993 WL 126424 at * 6 (quoting *Dolmetta v. Uintah Nat'l Corp.*, 712 F.2d 15, 20 (2d Cir.1983)); *Aaron Ferer*, 731 F.2d at 125; *see also Guarantee*, 669 F.Supp. at 1380. One factor to consider when deciding whether enrichment is unjust, is whether the Plaintiff has exhausted all his remedies against the person with whom he has a contract. In this case that would be Bates. N & S has not shown that it has exhausted all its remedies to recover from Bates. *Guarantee*, 669 F.Supp. at 1381.