GEORGE W. STEENBURGH, Appellant, v. JOHN H. MILLER and Others, Defendants.

FIRST NATIONAL BANK OF SARATOGA SPRINGS, Respondent.

*Attorney and client — right of one claiming under a receiver of the client to have a new attorney substituted.*

An attorney who has entered into an agreement with the owner of a bond and mortgage that he is to receive, in an action brought for its foreclosure, one-half of the recovery, together with the costs, in the absence of proof of misconduct or delay upon his part, should not be removed, and another attorney be appointed in his place, on the application of a purchaser of the bond and mortgage at a sale thereof by a receiver, appointed in supplementary proceedings instituted against the original owner of said bond and mortgage, but should be allowed to continue in charge of the prosecution of the action in which he is himself so largely interested.

APPEAL by the plaintiff, George W. Steenburgh, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 28th day of August, 1896, substituting Augustine W. Shepherd for James F. Swanick as plaintiff's attorney in the action.

On the 3d day of February, 1896, the plaintiff commenced an action against the defendants for the foreclosure of a mortgage made by one Daniel Steenburgh to the plaintiff, dated May 25, 1875, upon which there was due for principal and interest the sum of $1,500.

James F. Swanick was the attorney for the plaintiff in said action,

and before the commencement thereof entered into an agreement with the plaintiff by which he was to have one-half of the recovery in said action, together with the costs.

On the 11th day of November, 1892, the First National Bank of Saratoga Springs recovered a judgment against the plaintiff for the sum of $480.72, upon which judgment, execution was issued and returned unsatisfied. After the commencement of this action for the foreclosure of said mortgage, proceedings supplementary to execution were instituted upon the judgment of the First National Bank of Saratoga Springs against the plaintiff ; and such proceedings were thereupon had that a receiver of the plaintiff's property was appointed, and thereafter, on the 15th day of August, 1896, as is alleged in the affidavit upon which the order of substitution was procured, the receiver sold the interest of the plaintiff in the bond and mortgage, which the plaintiff was foreclosing, and the same was purchased for the First National Bank of Saratoga Springs for the sum of seventy-five dollars.

Thereafter the said bank procured an order to show cause, returnable at the Special Term, " why an order should not be made substituting some other attorney in the place of said Swanick, as plaintiff's attorney in said action, and why said action should not be continued in the name of George W. Steenburgh for the benefit of said First National Bank of Saratoga Springs."

Upon the return of such order to show cause an order was made substituting A. W. Shepherd, as attorney for the plaintiff in this action, in the place of the said James F. Swanick. And it was further ordered " that said James F. Swanick have a lien upon the proceeds of the sale of the lands described in the complaint for his costs, disbursements and compensation, and that the decree of foreclosure and sale herein provide for such lien."

No charge of any misconduct was made against the said James F. Swanick.

*James F. Swanick*, for the appellant.

*A. W. Shepherd*, for the respondent.

HERRICK, J. :

The compensation of Swanick for his services in foreclosing said mortgage is regulated by the agreement between himself and the

plaintiff, and for the amount of it he had a lien upon the cause of action which would attach to the judgment and the proceeds thereof in whoseever hands they should come.  (§ 66, Code Civ. Proc.)

Swanick's interest in the action, then, was greater than that of the First National Bank of Saratoga Springs, and no arrangement between the parties could diminish that interest or in any way dispose of it.  In the absence of any charge of misconduct he was as much entitled to have charge of the prosecution of the action for his benefit as was the First National Bank of Saratoga Springs.

It will be observed that the action is continued in the name of the same parties, and that the First National Bank of Saratoga Springs asked to have it so continued and prosecuted for its benefit.

It has not been an uncommon thing for courts to permit attorneys to continue the prosecution of suits for the benefit of such attorneys where the suits have been settled out of court, regardless of the lien of the attorneys for their costs and compensation, and it seems to me proper in this case to permit the attorney who commenced the proceedings, and who now has a greater financial interest in the proceedings than any other person or party, to continue them to judgment, unless by some misconduct or delay upon his part he has prejudiced the rights or interests of other persons interested in the final recovery.

The order should be reversed, with ten dollars costs and disbursements of this appeal, and the motion denied, with ten dollars costs.

All concurred, except PUTNAM, J., not acting.

Order reversed, with ten dollars costs and disbursements of this appeal, and motion denied, with ten dollars costs.