CAIN v. HOCKENSMITH WHEEL & CAR CO.

(Circuit Court, W. D. Pennsylvania. December 19, 1907.)

No. 35.

1. ATTORNEY AND CLIENT—ATTORNEY'S SERVICES—CONTINGENT FEE—WRITTEN ASSIGNMENT.

An agreement for a contingent fee to be paid out of the amount recovered by an attorney, being in itself an equitable assignment which the courts will recognize and enforce, a formal written assignment does not, on distribution, confer any greater rights.

2. COURTS—FEDERAL COURTS—ATTORNEY'S FEES—LIEN—LOCAL LAW.

Whether an attorney has a lien for services rendered on money recovered as the result of his efforts is a matter of local law not to be disposed of on independent views entertained by the federal courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 955.]

3. ATTORNEY AND CLIENT—ATTORNEY'S LIEN—SCOPE.

Under the Pennsylvania law, if an attorney has papers or money in his hands belonging to his client, he may retain them until his fees for services in the particular case have been paid, or he may deduct his fees before being compelled to pay over the money, but he has no lien, by virtue of his professional relation on a fund paid into court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 399–406.

Attorney's liens, see note to Needles v. Smith, 32 C. C. A. 229.]

**4. SAME—ATTACHMENT—PRIORITY OF LIEN—EQUITABLE ASSIGNMENT—ATTORNEY FEES FROM FUND PRODUCED.**

A debt owing to plaintiff from defendant was attached, after which plaintiff employed an attorney to collect such debt, agreeing to pay a certain percentage of the recovery for fees. The attorney succeeded at the end of certain litigation in recovering judgment, whereupon the money was paid into court, when all of it was claimed by the attaching creditor. *Held*, that the attorney did not stand in equity in the position of one having created a fund as the result of his services; the debt being recoverable in the attachment suit as well as in the independent action brought by the attorney, and hence his contract for fees did not constitute such an equitable assignment of the fund as gave him preference over the claim of the attaching creditor, nor was he entitled to fees, as from a fund produced.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 388.]

On motion to take money out of court.

Harry H. Fisher, for attaching creditors Kittanning Safe Deposit Co.

J. M. Shields, opposed.

ARCHBALD, District Judge.[1] The question to be disposed of upon this motion is whether a claim for counsel fees in favor of plaintiff's attorneys, upon a judgment recovered by them for their client, is to be preferred over a prior attachment levied on the money in the hands of the defendants as garnishees. The facts are not in dispute, and are as follows: On June 25, 1904, the plaintiff, W. A. Cain, having a disputed claim against the Hockensmith Wheel & Car Company for construction work done in the winter and spring of 1903, employed Benjamin H. Thompson, Esq., an attorney at law of Pittsburg, Pa., to prosecute it, agreeing to pay him 10 per cent. in case of a settlement without trial, or 25 per cent. of the amount recovered in the event that a jury trial was necessary; and, in order to secure Mr. Thompson, an assignment of so much of the claim as would cover the fees and costs was executed. Thereupon, no settlement having been effected, suit was brought in this court on September 8, 1904, and was so proceeded with that a verdict in favor of the plaintiff was recovered on May 25, 1906, on which a judgment for $2,447.12 was subsequently entered. The case was stubbornly contested, and it was only by the exercise of more than ordinary professional skill that a verdict in favor of the plaintiff was secured; the counsel engaged fully earning all that was stipulated for. It appears, however, that on October 16, 1903, a fraudulent debtor attachment, under the Pennsylvania act of 1869, was issued by the Kittanning Safe Deposit Company in the common pleas of Westmoreland county, Pa., against the plaintiff here, in which the Hockensmith Wheel & Car Company were named as garnishees. There was no service of the writ upon Cain, who was a resident of Ohio, and as to him it was returned not found. But a service was effected on the garnishees on October 17, 1903, and after certain interlocutory proceedings, not necessary to notice, a verdict and judgment having been recovered in this court, as stated above, and a judgment by

[1] Specially assigned.

default having also been entered against Cain in the attachment proceedings, the garnishees admitted being indebted to him, and having moneys of his in their hands, to the amount so recovered, upon which judgment therefor was accordingly entered against them. Being notified, however, of the claim of Mr. Thompson to counsel fees and the assignment made to him, and being thus between two fires, the garnishees asked leave to pay into court here what was found to be due from them, and, this having been allowed, it is now to be determined, as stated above, whether the claim for counsel fees is to prevail over the attachment, reducing by so much the amount which the attaching creditors would otherwise be entitled to take out of court; the entire fund being required to satisfy the judgment which they hold.

It is manifest that, in the consideration of this question, the formal assignment to counsel, to secure compensation for their services, of a certain portion of the plaintiff's claim, adds nothing to their standing here. Without it, an agreement for a contingent fee to be paid out of the amount recovered would of itself have constituted an equitable assignment, which the courts would recognize and enforce. Patten v. Wilson, 34 Pa. 299. While, on the other hand, if the attachment was effective, as supposed, to bind the money in the hands of the garnishees from the date of service, an assignment afterwards, legal or equitable, would not retroact and overcome this advantage. Without regard to the assignment, therefore, the right of counsel to have their fees paid out of the fund depends on whether they have a lien upon it because of their services, and it is to that that the case comes down. This is a matter of local law, and is not to be disposed of on any independent views entertained by the federal courts. Gregory v. Pike, 67 Fed. 837, 15 C. C. A. 33. Turning, then, to the Pennsylvania decisions, no lien for counsel fees is there recognized; the right of counsel to be paid out of a fund in hand being one of deduction or defalcation only. It attaches in favor of counsel, in other words, to that which he has in his actual possession. If he has papers, he may retain them until paid for his services in the particular case to which they belong; or, if he has collected money, he may deduct his fees before being compelled to turn it over. Dubois' Appeal, 38 Pa. 231, 80 Am. Dec. 478; McKelvy's Appeal, 108 Pa. 618. Indeed, in Patten v. Wilson, 34 Pa. 299, upon which some reliance seems to be placed to support the claim for counsel fees, it is expressly declared that the attorney there had no lien on the fund attached by virtue of his professional relation; the case being ruled in his favor solely on the ground that the agreement between himself and his client amounted to an equitable assignment, and that, being prior, it was therefore superior to the attachment. In the present instance, however, the attachment is first, and so apparently entitled to priority; and while it may be that, if the fund were actually in the hands of counsel, who represent the plaintiff, they would not be required to part with it, without deducting their fees, yet, in order to avail themselves of this privilege, it would have to be in their positive control in this way, and it is not the same, that it has been paid, as it has, into court.

But the question is set at rest beyond peradventure by the decision

in Patrick v. Smith, 2 Pa. Super. Ct. 113. The fund there in controversy was part of an estate which had been conveyed in trust for the benefit of the grantor for life, with remainder over to other parties—an arrangement which, while good as to the grantor herself, was bad as to creditors; and was claimed by counsel, by whose professional services it was recovered back from a party to whom it had been improperly paid by the trustee, pending litigation over it, as well as by a creditor who had attached the money in such party's hands. The fund, having been paid into court, was awarded to the attaching creditor. "It is true," says Smith, J., "that in equity a chancellor has power to direct the payment of reasonable counsel fees out of moneys for distribution, when the fund is the product of the attorney's labors, and he has agreed to look to it solely for his compensation. McKelvy's Appeal, 108 Pa. 615. * * * But there is no warrant for the proposition that at law an attorney's claim for services for a sum not judicially ascertained nor assented to by other claimants is a lien upon the fund attached as against such claimants. To hold that an attorney's fees is a lien on the money in court, because it was recovered through his services, would be to ignore the doctrine of Dubois' Appeal, 38 Pa. 231 [80 Am. Dec. 478], the principles of which were distinctly recognized in McKelvy's Appeal, supra, although the cases differ materially in their facts. However desirable it may be to allow claims of counsel for services out of funds which those services secured, it cannot be done, in the absence of legislation permitting it, to the prejudice of other creditors who have liens upon the money." Nor is this ruling weakened by anything which appears in Mann v. Wakefield, 11 Pa. Super. Ct. 18, when the facts of that case are considered. The fund there belonged to an insolvent estate, and had been produced as the direct result of litigation instituted to have it so established. And it was under these circumstances that counsel, by whose services this was brought about, were allowed compensation out of it, in preference to certain attaching creditors, who, while the litigation was in progress and before it had finally been disposed of, secured judgments and issued execution attachments, summoning the party in whose hands the moneys were as garnishee. "The evidence clearly shows," says Orlady, J., "that the fund was produced largely, if not entirely, through the professional services of the counsel named. The litigation was tedious and complicated, and was resisted until the entering of a judgment by the Supreme Court. The amount claimed [by counsel] was found by the auditor and court to be fair and reasonable. His services were instrumental in creating a fund, which inured to the benefit of all, and it was proper that his claim should be paid first." The distinction to be observed with regard to that case is manifest. The fund there was the immediate outcome of litigation prosecuted for the benefit of all parties interested, without which there would have been no fund at all for any of them. The conditions under which it was distributed were also such as to permit equitable considerations to have play. By contrast, however, in the present case, as in Patrick v. Smith, supra, the parties stand strictly on their legal rights, beyond which the court is not at liberty to go. And, while the money for distribution at this time was no doubt

forced out of the garnishees, as the result of the verdict recovered here, yet it cannot be said, in any real sense, to have been produced or created thereby. The plaintiff's claim, which was thus made good, existed without regard to the action which was instituted upon it, however it may have been so brought to a head, all that was done by counsel being to prosecute it to a successful conclusion. But this could just as well have been done in the attachment proceedings as here; and in either instance the counsel respectively engaged would have acted therein, not for the benefit of others concerned, although possibly resulting in that, but solely in the interest and for the advantage of the client by whom he was specially employed. This does not make out a case for compensation out of a fund produced by services rendered, and the money must therefore go to the attaching creditors; the claim of plaintiff's counsel being denied.

Let a formal order to that effect be entered.