# UNION PACIFIC RAILROAD COMPANY *v.* LAUGHLIN.

## ERROR TO THE KANSAS CITY COURT OF APPEALS OF THE STATE OF MISSOURI.

No. 623.   Argued April 18, 1918.—Decided May 20, 1918

A state statute giving an attorney a lien on the cause of action or its
proceeds for an agreed portion of any recovery, and rendering the
actual or proposed defendant directly liable to him for its satisfac-
tion in case of settlement after notice without his consent, does not
deprive the party thus made liable.of any constitutional right, even
where the settlement is made under a judgment recovered upon the
cause of action through another attorney in the federal court, and
by satisfying such judgment by payment to the clerk of that court.
A contrary contention raises no substantial federal question.
So *held* where the cause of action (for personal injuries) arose in another
State.
Writ of error to review 196 Mo. App. 541, dismissed.

THE case is stated in the opinion.

*Mr. N. H. Loomis, Mr. R. W. Blair* and *Mr. I. N. Wat-
son,* for plaintiff in error, submitted.

*Mr. Edwin A. Krauthoff* for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the
court.

Xedes, a section hand on the Union Pacific Railroad,
was injured, in Kansas, while in the performance of his
duties. Laughlin, an attorney at law, was employed by
him in Missouri to prosecute and settle his claim against
the company; and Xedes agreed that Laughlin should
receive as compensation one-half of whatever amount he

might obtain in settlement of the claim.    The Revised Statutes of Missouri (1909), §§ 964 and 965, authorizing such agreements, give to the attorney a lien on the cause of action and on the proceeds, if notice of the lien is duly given to the defendant or "proposed defendant"; and, as construed by the Supreme Court of Missouri,[1] they also provide that if, after such notice, the claim is settled in any manner without first procuring the written consent of such attorney, the defendant or "proposed defendant" shall be liable to the attorney in an independent suit to an amount equal to that for which he held the lien.

Laughlin gave to the company this statutory notice. Later and without his consent, Xedes brought, through other counsel, in a state court, suit against the company which was removed to the District Court of the United States for the Western Division of the Western District of Missouri, and judgment was entered therein for $550. The company paid this amount to the clerk of court in satisfaction of the judgment; and it was paid by him to Xedes and his new counsel.    When Laughlin learned these facts, he brought suit against the company in Missouri before a justice of the peace, for $275, and recovered a judgment therefor which was affirmed in the state circuit court and again by the Kansas City Court of Appeals. A rehearing applied for in June, 1917, was denied by that court, which also refused to transfer the case to the Supreme Court.    The company, contending that the Federal Constitution has been violated, brings the case here under § 237 of the Judicial Code as amended.

It does not appear here, as it did in *Dickinson* v. *Stiles,* 246 U. S. 631, that the suit of the employee against the railroad was brought under the Federal Employers' Liability Act; and no claim is made that the attorney's lien

---

[1] *O'Connor* v. *St. Louis Transit Co.,* 198 Mo. 622, 645; *Taylor* v. *St. Louis Transit Co.,* 198 Mo. 715, 730; *Wait* v. *Atchison, etc. R. R.,* 204 Mo. 491, 501.

statute of the State is inconsistent with that law or the constitutional provision concerning interstate commerce. The company's contention, as set forth in its assignment of error in this court, is that the decision below takes its property and denies to it equal protection of the law in violation of the Fourteenth Amendment, because the decision imposes a liability not imposed by the judgment recovered by Xedes in the federal court; deprives it of the protection afforded by the acts of Congress to those who pay to the clerks of the United States District Courts money in satisfaction of judgments entered therein;[1] and gives to two attorneys liens for the same service. The defendant in error moves to dismiss on the ground that the case does not present a federal question reviewable under § 237 of the Judicial Code as amended by the Act of September 6, 1916, c. 448, 39 Stat. 726, because there is not drawn in question the validity of a statute of or an authority exercised under any State on the ground of their being repugnant to the Constitution, treaties or laws of the United States; and that if such question is presented, the Kansas City Court of Appeals was not "the highest court of a State in which a decision in the suit could" have been had, since the Supreme Court of Missouri has appellate jurisdiction in cases where "the validity of a treaty or statute of or authority exercised under the United States is drawn in question," and no application was made to nor any action taken by it.

The Missouri statute simply gives a cause of action against one who, with knowledge of the existence of a lien, deforces it. To grant such a remedy against the wrongdoer clearly does not deprive him of any right guaranteed by the Federal Constitution, even if the in-

---

[1] Rev. Stats., §§ 966, 967, 995, and § 996 as amended by Act of February 19, 1897, c. 265, § 3, 29 Stat. 578, and Act of March 3, 1911, c. 224, 36 Stat. 1083; Act of August 1, 1888, c. 729, § 1 and § 2, 25 Stat. 357.

strument by means of which the wrong is accomplished happens to be the judgment of a federal court. No substantial federal question is involved. We have no occasion, therefore, to consider whether the validity of the Missouri statute was drawn in question (*Philadelphia & Reading Coal & Iron Co.* v. *Gilbert,* 245 U. S. 162); nor whether "a decision in the suit" might not have been had in the Supreme Court of Missouri, (*Missouri, Kansas & Texas Ry. Co.* v. *Elliott,* 184 U. S. 530).

*Writ of error dismissed.*