THOMAS A. McKENNELL, Respondent, v. JOHN BARTON PAYNE, Director General of Railroads, as Agent under Section 206 of the Transportation Act of 1920,* Defendant, Impleaded with ANNA AHEARN McDERMOTT, Individually and as Administratrix, etc., of EDWARD AHEARN, Deceased, Appellant.

Second Department, May 20, 1921.

Attorney and client — action to foreclose attorney's lien arising under New Jersey statute for contingent fee in negligence action — defendant upon settlement of negligence action conclusively presumed to have retained sufficient to cover attorney's fee — jurisdiction acquired of non-resident client, against whom no personal claim made by service by publication — action one in rem.

A defendant in a negligence action who settles with the plaintiff therein is conclusively presumed to have retained in its actual possession enough of the settlement fund to meet and discharge a statutory lien of the plaintiff's attorney for a contingent fee.

In an action to foreclose an attorney's lien arising under a New Jersey statute in which it must be presumed that in the settlement by his client of a claim against a third party said third party retained sufficient money to cover the attorney's contingent fee, and that said fund is within this State, and in which it appears that the party holding the same was served

* See 41 U. S. Stat. at Large, 461, § 206; Pres. Proc. March 11, 1920, and May 14, 1920; 41 U. S. Stat. at Large, 1789; Id. 1794.— [REP.

personally within this State, jurisdiction is acquired of the client, a non-resident, against whom no personal claim is made, by service of the summons by publication.
The action is one affecting specific personal property within the jurisdiction and control of the court and is, therefore, an action *in rem.*

APPEAL by the defendant, Anna Ahearn McDermott, individually and as administratrix, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 9th day of March, 1921, denying defendant's motion to vacate and set aside a prior *ex parte* order, directing the service of the summons herein upon her by publication, she being a resident of the State of New Jersey, and to declare such attempted service to be null and void.

*Peter C. Mann,* for the appellant.

*Sydney A. Syme,* for the respondent.

MILLS, J.:

This action was brought by the plaintiff, a New York lawyer, to foreclose his alleged lien upon the settlement by the defendant, the United States Director General, operating the Lehigh Valley railroad, of the cause of action of the said appellant as administratrix, etc., to recover damages for the death of her husband, killed in Jersey City while in the service of defendant's predecessor in the operation of said railroad, his death being alleged to have been caused by the negligence of defendant's said predecessor in that operation. The complaint in this action, in addition to the above-recited facts, further alleges, (a) that the said McDermott as such administratrix retained the plaintiff to take and prosecute legal proceedings against the Director General to recover such damages, and agreed to pay the plaintiff for his such services one-third of any amount that might be recovered by settlement or verdict or judgment; (b) that under that retainer plaintiff brought in her name as such administratrix an action against said Director General in the United States District Court for the District of New Jersey to recover the sum of $100,000, and that the said Director General appeared in said action and made and filed his answer therein; (c) that thereafter, on or about May 1, 1920, he settled said action with her by paying her the sum

of $15,000 without plaintiff's knowledge or consent; (d) that at all said times there was in force in New Jersey a statute giving the plaintiff a lien upon said cause of action and any settlement thereof for his services, such statute being set forth in full and being in all substantial respects like the corresponding New York statute; * (e) that defendant McDermott has refused to pay plaintiff, and that she has no property, real or personal, in this State, and is without means and is a non-resident; and (f) that she has or claims some interest in the fund of $5,000 which the plaintiff claims the other defendant holds subject to his said lien. Judgment, therefore, is demanded in the complaint that plaintiff has such lien and that the defendant McDermott be foreclosed of all right or interest in the sum thereof, and that the other defendant be decreed to pay the amount thereof, $5,000, over to the plaintiff. No personal judgment, however, against the appellant is asked.

The moving affidavits, upon which the original order for service by publication was made, served only to emphasize the fact that the appellant is a resident of New Jersey, and has been such continuously for the last twenty-five years, and cannot be served personally within this State. Summons and complaint herein were duly served upon the other defendant personally within this State on February 14, 1921.

The contentions of the appellant here are, and at the Special Term upon the motion to vacate were, (a) that this court has no jurisdiction of the action, as the cause thereof arose entirely in New Jersey and the settlement was made there; and (b) that it has no jurisdiction over the appellant and could acquire none by service by publication. The latter point appears to be the real one involved.

The law of the matter was, quite recently (March, 1921), clearly expressed by the Court of Appeals in its decision and opinion (written by HISCOCK, Ch. J.) in *Hanna* v. *Stedman* (230 N. Y. 326). In that case a fraternal beneficiary association, having at all times its principal office in this State, was by the recent death of one of its members indebted to someone in the sum of $1,000, the stipulated benefit. Under the circum-

---

* See N. J. Laws of 1914, p. 410; chap. 201; Comp. Stat. N. J. Supp. 1911–1915, p. 898, § 6; Judiciary Law, § 475.— [Rep.

stances there were two claimants, or sets of claimants. The member, at his death, was a citizen of Maryland, and his widow had died after him, a resident also of that State, and her estate was being administered there. Her representatives, who resided there and were appointed by the proper Maryland court, constituted one set of claimants; and a son, who was a resident of this State, was a rival claimant. The association thereupon brought an action in this State in the nature of an interpleader, making all of the claimants parties, but served the Maryland defendants by publication only. They did not appear in the action and judgment therein went in favor of the son, and the association paid the amount over to him accordingly. Thereafter the Maryland representatives of the widow's estate brought action in the Maryland court against the association, which pleaded the New York judgment in bar; but the Maryland court held that that judgment was no bar to the Maryland people as the service upon them by publication had conferred no jurisdiction upon the New York court against them. Later action in this State was commenced upon the Maryland judgment in favor of the claimants there, and the association in that action pleaded the New York judgment in bar. Therefore, the question was clearly presented for our courts to determine whether or not the New York court in the original action had obtained jurisdiction over the Maryland people. Our Court of Appeals unanimously held that it had not; in other words, that the order for service by publication upon the Maryland people was a nullity; and it reversed the judgment of the lower courts in favor of the defendant association and gave judgment to the plaintiff therein for the full amount. The opinion declares that, had the original action of interpleader been one " *in rem* or one affecting specific personal property," there could have properly been such service by publication; but that in fact and law the action was not of that character but was merely one to establish a personal claim, that is, a mere debt. The opinion (at p. 335) defines an action *in rem* thus: "An action or proceeding *in rem* has for its subject specific property which is within the jurisdiction and control of the court to which application for relief is made. The action proceeds against such specific property and its object is to have the court define

the rights therein of various and conflicting claimants. Jurisdictional control of the property affords the basis for service beyond its jurisdiction upon those who may be interested in its disposition. The result of such an action is a judgment which operates upon the property and which has no element of personal claim or personal liability."

Upon the argument, being at least in a general way advised of this definition or rule, I was much impressed that that test would negative this action for the reason that the alleged fund, viz., the $15,000 of the settlement, was by the complaint alleged to have been actually paid over to the appellant, and, therefore, of necessity could not be in the possession of the other defendant when the action was commenced; and that, therefore, the action should be deemed one in equity to charge the Director General with the amount of plaintiff's lien, upon the theory that he, in violation of plaintiff's right, had paid the entire fund over to the defendant McDermott; and that, therefore, the action was really one to enforce against the Director General a personal liability. This means that I was disposed to regard the case as practically like the *Hanna Case* (*supra*). However, I find that, as claimed by the learned counsel for respondent here, it has been held clearly by our courts in this State that under such circumstances and in such an action the defendant company (here the Director General) must conclusively be presumed to have retained in its actual possession enough of the settlement fund to meet and discharge the lien. (*Sargent* v. *McLeod*, 209 N. Y. 360, 365; *Oishei* v. *Pennsylvania Railroad Co.*, 117 App. Div. 110, 114; affd., without opinion, 191 N. Y. 544.) The latter case was precisely like this, except that, while the accident happened in the State of New Jersey, the original action was brought in this State, and presumptively the settlement made therein. I cannot conceive that that makes any difference. This action as brought is clearly one *in rem*, and no personal judgment against the appellant is asked. It seems to me that, if it must be conclusively presumed that the defendant, the Director General, has actually retained and still has in his possession the identical $5,000 upon which the plaintiff claims a lien, plaintiff may maintain his action in this State to foreclose his lien upon that fund as " one affecting specific per-

sonal property," " which is within the jurisdiction and control of the court," as being in the actual possession of the defendant, the Director General; and that by personal service upon him such property is brought within the jurisdiction and control of this court. It seems to me that it can make no difference that the right to the lien herein arises under the New Jersey statute instead of under our own, the two being substantially the same. The controlling point is that the fund upon which the lien is asserted appears in the eye of the law to be here, although in fact we well know that it is not. This appears to be a case where the doctrine or convenience of a legal fiction still survives.

Of course, in this case the question of the reasonableness of the amount claimed by plaintiff against an estate has not yet arisen.

Therefore, I advise that the order appealed from be affirmed, with ten dollars costs and disbursements.

BLACKMAR, P. J., PUTNAM, KELLY and JAYCOX, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.