In the Matter of the Petition of JOSEPH A. ALBRECHT and Others (Practicing Law as a Partnership under the Firm Name of ALBRECHT, MAGUIRE & MILLS), Appellants, to Enforce an Attorney's Lien.*

MENNO A. REEB, Respondent.

Fourth Department, March 13, 1929.

*Edward N. Mills* and *William H. Watson*, for the appellants.

*Frank G. Raichle* and *Carlos C. Alden*, for the respondent.

EDGCOMB, J. In 1924 the Federal government made certain claims against Menno A. Reeb, asserting that his income tax returns for 1919, 1920 and 1921 disclosed deficiencies running into a substantial sum. Reeb, on the other hand, maintained that he had overpaid and was entitled to a refund. Similar claims were made by and against certain members of Reeb's family and a corporation in which he was interested. Reeb retained the petitioners, who are practicing attorneys of the Supreme Court of this State, to look after these various matters.

The Commissioner of Internal Revenue, after a hearing, held that Reeb was indebted to the government in the sum of $59,147.39, deficiency in his income tax for the years 1919 and 1920. Appellants brought the matter before the United States Board of Tax Appeals, where it was finally determined that Reeb owed the government $375.74, deficiency for 1919, and was entitled to a rebate of $2,095.66 for 1920, leaving a net refund to the taxpayer

---

* Affg. 132 Misc. 713.

of $1,719.92. Other proceedings were instituted before the Board of Tax Appeals on the other claims.

Upon the entry of the decision of the Board of Tax Appeals in the Menno A. Reeb case, petitioners sent him a bill for their services in the various proceedings which they had taken in his behalf, and in behalf of the members of his family. Reeb considered the charge exorbitant, refused to pay the bill, and discharged petitioners. Consequently, they did not go on with the remaining cases. They claim, however, that, as the result of their efforts, the other parties subsequently received refunds aggregating $18,689.60.

The petitioners instituted this proceeding against Menno A. Reeb in the Supreme Court of Erie county, for the purpose of determining and enforcing their lien for professional services against this award of $1,719.92. The matter came on for hearing, and an order was made denying the relief asked for, but without prejudice to petitioners' right to enforce their claims in an action at law. The petitioners have appealed from such order.

While appellants, in their prayer for relief and in their notice of motion, ask generally to have the court determine and enforce their lien for services as attorneys in the various tax matters detailed in the petition, and make no mention of the statute which gives to an attorney a lien upon his client's cause of action or claim, nevertheless the case was disposed of in the court below, and argued upon this appeal, solely upon the theory that the proceeding was brought under the statute. No claim or suggestion has anywhere been advanced that the petitioners had, or could enforce, any common-law lien for their services, and that question is not here.

The statute governing this proceeding is section 475 of the Judiciary Law, which provides as follows: " From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

It will be noted that a general lien is not given to an attorney for any service which he may perform for a client; the statute confines the lien which it has created to attorneys of record in actions or special proceedings. I think that it must be held that the terms " action " and " special proceeding," as used in the statute,

mean such as are brought in the courts of this State, and do not include those instituted in the courts outside this Commonwealth, or matters brought for determination before governmental officials, commissions, boards, or other similar tribunals. Section 475 of the Judiciary Law was lifted bodily from section 66 of the Code of Civil Procedure at the time of its demise. That act regulated the practice in the courts of New York State, and defined the words " action " and " special proceeding " as therein used. (§§ 3333, 3334.) These definitions, in the same form, are now found in sections 11-a and 46-a of the General Construction Law (as added by Laws of 1920, chap. 917) and in sections 4 and 5 of the Civil Practice Act. That act now regulates the civil practice in the courts of record of this State. It is, therefore, apparent that the action or special proceeding mentioned in section 475 of the Judiciary Law is the same action or special proceeding which is defined in the Civil Practice Act, and which is one brought in the courts of this State.

In *Flanagan* v. *Conners* (123 Misc. 236) it was held that an attorney who had appeared for a client before the board of estimate and apportionment of New York city, and induced that body to refund to his client a forfeiture which had been exacted for failure to perform a contract, was not entitled to a statutory lien, because he was not acting as an attorney in an action or special proceeding.

In *Weinstein* v. *Seidmann* (173 App. Div. 219); *Harding* v. *Conlon* (146 id. 842) and *Matter of Dailey* v. *Wellbrock* (65 id. 523) it was held that only an attorney of record could claim a lien under the provisions of the Judiciary Law.

In *Flint* v. *Van Dusen* (26 Hun, 606), which was decided in 1882 when Surrogates' Courts were courts not of record, it was held that an attorney appearing in proceedings before the surrogate, wherein a decree was entered, was not entitled to the statutory lien. The court says: " We are not aware of a case holding that a lien exists upon a judgment rendered in a court not of record, for services performed in such court in obtaining such judgment."

The statute does not give a lien for general services, but only for work done in the particular action or proceeding in which the determination is made. (*Robinson* v. *Rogers*, 237 N. Y. 467; *Matter of Heinsheimer*, 214 id. 361.)

The courts have repeatedly held that an attorney for a defendant acquires no statutory lien unless the answer sets up a counterclaim. (*National Exhibition Co.* v. *Crane*, 167 N. Y. 505; *White* v. *Sumner*, 16 App. Div. 70; *Longyear* v. *Carter*, 88 Hun, 513.)

These decisions show how closely the courts follow the wording of the statute, notwithstanding its remedial character.

Here the appellants have never performed any services in an action or special proceeding brought in any court in this. Commonwealth. The whole transaction took place before Federal officials and boards, some sitting in Buffalo, others in Washington. The petitioners did not appear for respondent as attorneys of record in any action or special proceeding within the definition of those terms as used in the statute, and, therefore, have no lien.

By the provisions of the statute, there must be something to which the lien can attach. Here there is no verdict, award or judgment within this State or within the jurisdiction of any court of this Commonwealth. The award or refund in question is in Washington; it is in the possession of the Federal government. It may never be paid over to the claimant. The Revenue Act of. 1926 (44 U. S. Stat. at Large, 66, § 284, subd. a; U. S. Code Appendix, tit. 26, § 1065, subd. a) provides that the amount of any overpayment of tax shall be credited against any income, war-profits ·or excess-profits tax or installment thereof then due from the taxpayer, and the balance refunded. The courts of this State can make no order which would be binding on the United States government, or affect any determination as to a refund of money paid for taxes, while the money is in the custody or under the control of the government. Neither can we order a lien on the proceeds of the award, when and if paid to respondent, while the fund is beyond the control of the court, and not subject to its jurisdiction.

It is clear, therefore, that the appellants have not brought themselves within the statute, and cannot have their compensation fixed upon a summary application in this proceeding.

*Ward* v. *Craig* (87 N. Y. 550), cited by appellants, is not controlling here. That was a case of a retaining lien. There the attorneys had not only obtained for their client a remission by the Federal government of a forfeiture, but had collected the money and had it in their possession. It was there held that the reasonable value of the attorneys' services could be offset against the money in their hands. That is a situation different from that which would have existed if the money had still been in the hands of the government, and if it had been attempted to impress a lien on the determination of the government that a certain sum of money was due the clients. A retaining lien is very different from a charging lien.

If an attorney's charging lien should be extended, so as to include services performed in procuring awards or refunds in the ever-increasing proceedings which are now being brought before various

officials, commissions and boards, that remedy must come from the Legislature. The courts cannot extend the clear limitation imposed by the statute.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order affirmed, with ten dollars costs and disbursements.