In the Matter of the Application of WILLIAM H. CHOROSH, an Attorney-at-Law, to Determine and Enforce a Lien for Services, Petitioner, against JOHN H. WOODBURY and Others, Respondents.

Supreme Court, New York County, February 21, 1930.

William H. Chorosh, propria persona.

Phillips, Mahoney, Leibell & Fielding [Jeremiah T. Mahoney of counsel], for the respondents.

LEVY, J.  In an action by respondent corporation as plaintiff against the Andrew Jergens Company, a foreign corporation, it recovered by settlement a substantial sum payable partly in cash and partly in future installments.  The petitioner, an attorney at law, who represents the respondent in that action, now seeks to foreclose a charging lien against the fund pursuant to section 475 of the Judiciary Law.

The action which resulted in the settlement was instituted in this court, but was removed at the instance of the defendant to the United States District Court, and the petitioner did not become plaintiff's attorney of record until after such removal.  While respondent does not deny that petitioner rendered professional services as an attorney, it takes the position that this court lacks jurisdiction to enforce a lien upon a fund arising from an action in the Federal courts.  It attempts to explain away the effect of Oishei v. Pennsylvania Railroad Co. (117 App. Div. 110), in which it was held that this court retained jurisdiction to enforce the attorney's lien notwithstanding the removal of the action to the Federal courts.  The distinction which it seeks to draw between that case and the instant one is that there the petitioning attorney represented the plaintiff from the commencement of the action and before its removal, while here he entered into the litigation only after its transfer to the District Court.  I do not think the distinction a valid one.  It seems to me that respondent is misled by the false analogy of disciplinary control of a court over its officers, its apparent contention being that since the petitioner at all times in the course of the given litigation acted in his capacity as an attorney admitted to practice in the Federal District Court, the

latter tribunal alone had control over his official conduct, and hence should determine the value of his professional labors.

In arguing thus, respondent apparently overlooks the fact that the attorney's claim for services does not necessarily follow the venue of the principal action. Can it be doubted that this court could entertain an action at law in behalf of an attorney for services, regardless of the jurisdiction in which such services were rendered? Section 475 of the Judiciary Law furnishes him the additional advantage of recovering by the summary method of petition, provided *the fund* which has resulted from his services is within the jurisdiction of the court. His petition, if granted, results in the foreclosure of his lien upon the very fund. Provided the fund is present here, it matters not in what jurisdiction the action is brought. Such seems to be indicated by the decision in the *Oishei* case, and also by the facts in *Goodrich* v. *McDonald* (112 N. Y. 157), where the action was also removed into the Federal court.

Counsel on both sides evidently overlooked *McKennell* v. *Payne* (197 App. Div. 340), in which the original action was not even instituted in the State courts but commenced in the United States District Court for New Jersey. The question of jurisdiction in those cases appeared to hinge upon the actual or presumptive presence of the fund within the State. Counsel also seem unfamiliar with the rather interesting case sustaining this view (*Laughlin* v. *Union Pac. Ry. Co.*, 196 Mo. App. 541). While rendered in another jurisdiction, it must be regarded with added respect because a writ of error to review it was dismissed by the United States Supreme Court (*Union Pac. R. R. Co.* v. *Laughlin*, 247 U. S. 204). There, the court below said (at p. 543): " Defendant makes earnest effort to show that as the judgment was rendered in the Federal court, the amount paid in to the Clerk and by him paid out to the attorneys of record representing the plaintiff in the judgment, the present lienor plaintiff can have no cause of action; it being insisted, in this respect, that an attorney's lien under the State law cannot attach to a judgment or proceeding in a Federal court, that court being regarded as foreign to the State. We think the point not well made. The lien is a substantial right which the attorney has vouchsafed to him by the local State law, and it will be enforced by the Federal court for such State, as any other claim arising under a State law. It has been so recognized (*Brown* v. *Morgan*, 163 Fed. 395; *Cain* v. *Hockensmith, W. & C. Co.*, 157 Fed. 992). And the removal, of a case from the State to the Federal court was not allowed to affect an attorney's lien allowed by the law of Alabama. (*Central Railroad* v. *Pettus*, 113 U. S. 116.) "

The plaintiff in that case representing an injured client, was substituted by another attorney. But prior to that he served written notice upon the defendant of his contingent agreement based upon a percentage of the recovery. Notwithstanding such knowledge and after action was brought by the new attorneys in the State courts and thence removed to the Federal courts, defendant paid the full amount of a judgment rendered against it in the latter court to the clerk of that court. It appears from the circumstances in that case that that right of an attorney to protect his lien in the State courts was sustained, despite the fact that the judgment to which the lien was held to attach was actually recovered in the Federal court.

While in the cited cases the controversies arose in actions rather than in special proceedings, the principle of jurisdiction, it seems to me, remains unaffected. Those cases involved claims against third parties dealing with the clients in disregard of the attorneys' liens. Obviously, such claims could not have been determined by a summary petition, which form of practice is limited to the enforcement of a lien by the attorney against his client merely. Such a summary proceeding is not available to enforce the claim of an attorney for fees, against a defendant who has settled with the adverse party without the knowledge or consent of such attorney. (*Dumowith* v. *Marks*, 84 N. Y. Supp. 453; *Rochfort* v. *Metropolitan St. R. Co.*, 50 App. Div. 261.)

The motion will, therefore, be granted to the extent of naming a referee who will take proof and report with his opinion as to the value of the services rendered. Settle order.