In the Matter of the Estate of NAT LEVINE, Deceased.

Surrogate's Court, New York County, February 15, 1935.

*Blackman, Pratt & King*, for the petitioners.

*Meyer Kreeger*, for the executors, respondents.

DELEHANTY, S. Respondent executors collected the sum of $3,138.90 under judgments in favor of deceased rendered in the

United States Customs Court after the death of deceased. These judgments were to cover refunds of excessive duties collected from deceased by reason of what was eventually held to be a wrong classification for customs of merchandise imported by deceased.

Petitioners are the attorneys who were hired by deceased to secure the refunds. In the lifetime of deceased and with his full knowledge they made the necessary claims for refund and put in motion the processes which eventually resulted in the judgments upon which collection has been made. By the terms of the retainer they were to keep for themselves fifty per cent of any sum recovered. They were not to be compensated if nothing was recovered. They now ask for $1,569.45 (one-half of the sum paid the executors) as the agreed compensation for their services. While the order to show cause does not specifically recite that the application is one to enforce an attorney's lien under section 475 of the Judiciary Law, the petition contains all the necessary recitals on such a proceeding and specifically asserts such lien.

The estate is said by respondent executors to be insolvent. If these moneys collected by the executors are left in the general assets unimpressed by a lien the result will be that the attorneys whose services procured the funds will go uncompensated in large part since they will be relegated to a comparatively small dividend upon their claims. The attorneys have never been in possession of the funds and so cannot assert a possessory or retaining lien. They may, nevertheless, assert a charging lien upon any fund recovered through their efforts in an action or special proceeding. (*Robinson* v. *Rogers*, 237 N. Y. 467; *Matter of Heinsheimer*, 214 id. 361; *Matter of Sebring*, 238 App. Div. 281.)

The executors contend that this court has no jurisdiction to enforce the lien asserted by petitioners. Its power in this respect is no longer open to question. (*Matter of Matheson*, 265 N. Y. 81, 84; *Matter of Fitzsimons*, 174 id. 15; *Matter of Regan*, 167 id. 338; *Matter of Smith*, 111 App. Div. 23.) As is stated in *Matter of Regan* (*supra*, at p. 343), " the power of the Surrogate's Court to protect the lien of an attorney has been assimilated by modern legislation to the power exercised in that respect by the Supreme Court and the other courts of record of the state."

The executors contend, too, that as petitioners' services were not rendered in this court nor in relation to the administration of this estate, another tribunal must be resorted to by them to enforce their alleged lien. This contention cannot be upheld. The statute affords equitable relief and is remedial in nature. It should be liberally construed. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492; *Matter of Swartz, Inc.*, v. *City of Utica*, 223 App.

Div. 506; affd., 254 N. Y. 555; *Matter of Schneller*, 136 Misc. 84.) Concentration of jurisdiction in the Surrogate's Court as to all matters affecting decedents' estates has been the trend of recent judicial decisions. (*Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Cook*, 244 id. 63; *Matter of Ashner*, 231 App. Div. 127; *Matter of Coombs*, 185 id. 312; *Matter of Winslow*, 151 Misc. 298; *Matter of Enright*, 149 id. 353; *Matter of Haigh*, 125 id. 365.) It cannot be doubted that this court has power to determine whether funds in the hands of a fiduciary subject to the direction of this court are general funds of an estate or are subject to claims specifically enforcible therefrom. In *Matter of Ullman* (N. Y. L. J. Aug. 11, 1934, p. 401) this court enforced an attorney's retaining lien for services rendered to the decedent in his lifetime against the proceeds of the litigation in the hands of the attorney. In *Matter of Tierney* (88 Misc. 347) a Surrogate's Court enforced a charging lien against funds in the hands of an administrator. As was pointed out in *Oishei* v. *Pennsylvania R. R. Co.* (117 App. Div. 110; affd., 191 N. Y. 544) and in *McKennell* v. *Payne* (197 App. Div. 340), a proceeding to enforce an attorney's lien is a proceeding *in rem*. Jurisdiction over the fund against which the lien is sought to be enforced empowers the court to entertain the proceeding to enforce the lien. As said in *Matter of Chorosh* v. *Woodbury* (135 Misc. 910, 912): "Provided the fund is present here, it matters not in what jurisdiction the action is brought."

The death of deceased before petitioners obtained the judgments in no way affect their lien. Under the statute, petitioners' lien came into existence when the special proceedings in the United States Customs Court were instituted. The lien attaches to the judgments obtained. (Judiciary Law, § 475.) Discharge of an attorney by a client or the settlement of an action or proceeding does not affect the lien. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co., supra.*) In a proper case courts permit an attorney to continue an action for his own benefit. (*Steenburgh* v. *Miller*, 11 App. Div. 286.) The death of deceased does not avail the executors as reason to deny this petition.

The executors contend that petitioners have no lien as the litigation in the United States Customs Court is not an action or special proceeding within the purview of section 475 of the Judiciary Law. They cite in support of this contention *Matter of Albrecht* (225 App. Div. 423, 425; affd., 253 N. Y. 537). In that case an attorney sought to enforce his lien for services in obtaining tax refunds from the Federal government. The proceedings were prosecuted before the United States Board of Tax Appeals. The court determined that the attorney did not have a lien under the

statute because (1) the United States Board of Tax Appeals was not a judicial tribunal and, therefore, proceedings therein were not the special proceedings contemplated by the statute; and (2) the court had no jurisdiction over funds which were in the hands of the Federal government and were not within the State. These were the bases to the decision.

It has been determined by the United States Circuit Court of Appeals, Second Circuit, that the United States Customs Court is a judicial tribunal (*Brooks* v. *Mandel-Witte Co.*, 54 F. [2d] 992). In the case cited that court enforced the attorney's lien under section 475 of the Judiciary Law of this State for services rendered in procuring judgments in the United States Customs Court.

The rule established by the authorities appears to be, therefore, that an attorney's lien will be enforced if it be established (1) that services were rendered by the attorney in an action or special proceeding in a judicial tribunal; (2) that the fund against which the lien is asserted is under the jurisdiction of the court in which the lien is sought to be enforced; and (3) that the fund is the result of the action or proceeding in which the services were rendered.

The broad statement in the Appellate Division opinion in *Matter of Albrecht* (*supra*), that the action or special proceeding contemplated by the statute must be one brought in a " court of this Commonwealth," was not necessary to the decision in that case and is a mere *dictum*. Such statement is not in accord with the rule established by the authorities. (*Oishei* v. *Pennsylvania R. R. Co.*, *supra*; *McKennell* v. *Payne*, *supra*; *Matter of Chorosh* v. *Woodbury*, *supra*; *Brooks* v. *Mandel-Witte Co.*, *supra*.) The United States Customs Court sitting here and performing its functions within this " Commonwealth " might well be said to be within the description of a " court in this Commonwealth," but, irrespective of this, the quoted *dictum* does not control the determination of the issues raised in this proceeding.

Petitioners have established that they instituted special proceedings in the United States Customs Court, which is a judicial tribunal (*Brooks* v. *Mandel-Witte Co.*, *supra*), and that the fund recovered through their efforts is in the hands of the executors and, therefore, under the jurisdiction of this court. Petitioners have a valid lien which is enforcible by this court to the extent of fifty per cent of the fund recovered, with interest thereon from the date demand for payment was made. The amount of the lien is determined by the retainer agreement executed by deceased. He was the only person interested in the refunds. The agreement under the circumstances does not appear to be unconscionable. (*Ward*

v. *Orsini*, 243 N. Y. 123; *Matter of Regan, supra; Matter of Dugan*, 147 Misc. 776.)

Submit decree on notice in accordance with this decision directing the executors to pay petitioners from the fund in question the sum of $1,569.45, with interest thereon from the 12th day of April, 1934.