MARCEL KOVARSKY, on Behalf of Himself and All Other Similarly Situated Consumers of Gas Supplied by BROOKLYN UNION GAS COMPANY, Plaintiff, *v.* BROOKLYN UNION GAS COMPANY, Defendant.

Supreme Court, Kings County, March 10, 1939.

*Israel Beckhardt,* for the plaintiff.

*Cullen & Dykman,* for the defendant.

STEINBRINK, J.  It is conceded that plaintiff is entitled to judgment on the pleadings.   The sole question involved is whether there should be an award of attorney's fees and an extra allowance of costs.

The action was commenced by plaintiff " on behalf of himself and all other similarly situated consumers of gas supplied by the Brooklyn Union Gas Company."   In accordance with the opinion of the Court of Appeals in this case (reported in 279 N. Y. 304), plaintiff, on his own behalf and in his representative capacity, is entitled to a declaratory judgment to the effect that the reconnection charge provided for in the schedule of rates and regulations for gas service, filed by defendant with the Public Service Commission, is contrary to and violative of the provisions of the Public Service Law, and an injunction perpetually enjoining and restraining defendant from billing or collecting any such reconnection charge.

Plaintiff's attorney contends that inasmuch as this is a class action he is entitled to equitable compensation out of the share of each class member taking the benefit of the class judgment. There is no merit in this contention.   It does not appear from the

affidavits submitted that any of the consumers allegedly represented by plaintiff have had notice of any of the proceedings herein. They are not before the court and have not submitted to its jurisdiction. Perforce, this court has no power to enforce contribution from them. Moreover, the judgment to be entered herein will not grant relief by way of refunds, and consequently there will be no proceeds or funds to which an attorney's lien may attach. To be entitled to relief under section 475 of the Judiciary Law there must be something awarded by the judgment to which the lien can attach. (*Matter of Albrecht*, 225 App. Div. 423, 426; affd., 253 N. Y. 537.)

There remains for consideration plaintiff's claim for an additional allowance of costs pursuant to sections 1513 and 1514 of the Civil Practice Act. Section 1513 provides that " in a difficult and extraordinary case, where a defense has been interposed in an action, the court, in its discretion, also may award to any party a further sum, as follows: * * * 2. In any action or special proceeding, except in a special proceeding by certiorari to review an assessment under article thirteen of the Tax Law, where a defense has been interposed, or in an action for the partition of real property, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject matter involved." Section 1514 limits the amount thus awarded to $2,000.

To bring himself within the purview of the foregoing sections plaintiff asserts that the subject-matter involved consists of the right of the class to receive back the moneys heretofore collected as reconnection charges, and, secondly, that it encompasses the right to make this charge in the future. In the case at bar the Court of Appeals has decided that plaintiff is not entitled to an accounting, and, as pointed out above, the judgment to be entered herein will not award any money damages or relief by way of refunds. Further, no consumer can claim any such refund in this action. Obviously, the subject-matter involved cannot be the right of the class to receive refunds.

Plaintiff's other claim that the subject-matter involved encompasses the right to make the reconnection charge in the future is likewise without merit. A valuation of the right of the defendant to make the charge in the future is speculative in that it cannot be estimated or predicted how many consumers would in the future request the defendant to temporarily discontinue the supply of gas. Even admitting that this action was " difficult and extraordinary " within the meaning of section 1513 of the Civil Practice Act, plaintiff's alleged valuation of the subject-matter involved, as alluded to above, is speculative and incidental and within the principle laid

down in *Conaughty* v. *Saratoga County Bank* (92 N. Y. 401), wherein the court said (at p. 404): " In the present case no sum having been claimed or recovered by either party, the right to an allowance is based altogether upon the value of the subject-matter involved in the action. In the determination of this question the pleadings furnish the sole evidence as to what was the subject-matter involved and the value of such matter can be arrived at only by competent evidence tending to establish the fact. The language of the statute is plain and unambiguous and cannot be strained by construction to cover cases not within its terms. The importance of a litigation in any other than its pecuniary aspects does not afford the basis of an extra allowance, and although a litigation may seem to come within the spirit of the provisions if the subject involved is not capable of a money value, or the value is not shown, an allowance is not authorized (*People* v. *Albany & Susquehanna R. R. Co.*, 5 Lans. 35). It is apparent that the word involved is used in a legal sense, and means the possession, ownership, or title to property or other valuable thing which is to be determined by the result of the action. It does not mean the property which may be either directly or remotely affected by the result, as such a rule would from its vagueness, and uncertainty be impracticable in application. The cases uniformly seem to sustain this view." And *Kitching* v. *Brown* (180 N. Y. 414, at p. 429): " We think the extra allowance of costs should not have been granted. Under the Code (§ 3253) such an allowance must be based upon ' the sum recovered or claimed, or the value of the subject-matter involved.' Here there was no sum recovered or claimed, and there is no allegation, proof or finding as to the value of the subject-matter involved. There is, therefore, no basis for the allowance, and it was error to grant it. Conceding, for the purpose of the discussion, that the action was ' difficult and extraordinary ' within the meaning of the Code, it is, nevertheless, entirely barren of facts upon which to make a computation for such an allowance. No sum of money was asked for or recovered. The subject-matter involved was incapable of valuation."

Plaintiff's motion is denied and defendant's cross-motion for an order dismissing plaintiff's alleged cause of action for an accounting and directing judgment in the form annexed to defendant's affidavit is granted.