MITSUI & CO., Limited, v. EL DORADO OIL WORKS et al.

No. 21230–S.

District Court, N. D. California, S. D.

March 24, 1941.

Wright & Wright & Larson, of San Francisco, Cal., for plaintiff.

Alexander D. Diamond, of New York City, in pro. per.

Heller, Ehrman, White & McAuliffe, of San Francisco, Cal., for defendant and cross-defendant Alexander D. Diamond.

Williamson & Wallace, of San Francisco, Cal., for defendant El Dorado Oil Works.

Dinkelspiel & Dinkelspiel, of San Francisco, Cal., for defendant president and directors of Manhattan Co.

ST. SURE, District Judge.

Plaintiff, having in its possession the sum of $2,860 under an arbitration award, to which there are adverse claimants, filed a bill of interpleader under the provisions of 28 U.S.C.A. § 41, subd. 26, and deposited the money here to abide the judgment of the Court.

Claimants to the fund, defendants Alexander D. Diamond, El Dorado Oil Works, and President and Directors of the Manhattan Company, each claiming a lien, submitted the case upon an agreed statement of facts. Since submission, through further agreement, the controversy is now between defendants Diamond and El Dorado Oil Works, it being agreed that if Diamond has no lien judgment be given in favor of El Dorado. Diamond claims an attorney's lien through a statute of New York,[1] and El Dorado claims through levy of execution issued upon a judgment obtained in California.

On January, 1937, plaintiff contracted to sell to Frey & Horgan a certain quantity of cottonseed oil. Frey & Horgan, through attorney Diamond, brought suit against plaintiff in New York for breach of contract. The contract contained a provision relating to arbitration as follows: "Any dispute arising as to quality, condition and/or quantity shall be settled by arbitration in San Francisco, Calif., and the decision of such arbitration shall be final and binding on both parties unless satisfactory adjustment is agreed upon between you and us." Upon Mitsui's motion, the New York Supreme Court, on November 17, 1937, stayed all proceedings in the action until arbitration was had in San Fran-

cisco in accordance with the terms of the contract. This order was affirmed by the Appellate Division on January 14, 1938. Frey & Horgan Corp. v. Mitsui & Co., 253 App.Div. 794, 1 N.Y.S.2d 1018. In September, 1939, Mitsui made a motion to dismiss for Frey & Horgan's failure to prosecute. This motion was withdrawn by Mitsui "without prejudice to a renewal thereof," and Mitsui then made a motion for discontinuance. In its order granting this motion, dated November 27, 1939, —— Misc. ——, 27 N.Y.S.2d 555, the New York Supreme Court said: "The submission by the parties to arbitration, of itself, worked a discontinuance of the action. Furthermore, the award by the arbitrators has been duly confirmed, so that the final conclusion of the claim by arbitration results in a discontinuance. The action is, therefore, deemed discontinued without costs to either party as against the other. McNulty v. Solley, 95 N.Y. 242; Keep v. Keep, 17 Hun 152; Larkin v. Robbins, 2 Wend. 505; Smith v. Barse, 2 Hill 387; Jacoby v. Johnston, 1 Hun 242. The discontinuance here is without prejudice to any lien of the plaintiff's attorney."

Diamond contends that notwithstanding the discontinuance of the action in New York and the resort to arbitration in California, his alleged lien attaches to the fund. In construing section 475 of the Judiciary Law, the Surrogate's Court, New York County (In re Levine's Estate, 154 Misc. 700, 278 N.Y.S. 36, 40), said that the rule established by the authorities appears to be that an attorney's lien will be enforced if (1) services were rendered by the attorney in an action or special proceeding in a judicial tribunal; (2) the fund against which the lien is asserted is under the jurisdiction of the court in which the lien is sought to be enforced; and (3) the fund is the result of the action or proceeding in which the services were rendered.

Diamond, disregarding the plain provision of the contract relating to arbitration, filed an action in New York. Had

[1] "Attorney's lien in action, special or other proceeding. From the commencement of an action, special or other proceeding in any court or before any state or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, deci- sion, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien." § 475, Judiciary Law, State of New York, Consol.Laws, c. 30.

the terms of the contract been faithfully observed this should not have been done. The fund is not the result of the action in New York but of the arbitration in California.

Diamond claims a lien under the New York statute, while the fund to which he claims it attaches is under the jurisdiction of this Court in California. In Petition of Albrecht, 225 App.Div. 423, 233 N.Y.S. 383, 387, a case for enforcement of an attorney's lien under the New York statute, the Court, in passing upon the question before it, observed that: "By the provisions of the statute, there must be something to which the lien can attach. Here there is no verdict, award, or judgment within this State or within the jurisdiction of any court of this commonwealth. The award or refund in question is in Washington; it is in the possession of the federal government." In other words, there must be a verdict, award, or judgment within the state and within the jurisdiction of a court where the statute applies. In order that a lien attach under the New York statute, the fund which has resulted from the attorney's services must be within the jurisdiction of a court (State or Federal) within the state of New York. Cf. Chorosh v. Woodbury, 135 Misc. 910, 240 N.Y.S. 157, 159.

I am of the opinion that defendant Diamond has no lien upon the fund deposited here, and that judgment should be given to defendant El Dorado Oil Works as prayed.