Owen McGivern, J.
This is a motion by defendant Pyramid Electric Company for an order pursuant to section 237-a of the Civil Practice Act vacating service of the summons and complaint on it. Such service was made outside the State, and is claimed by plaintiff to have been justified by section 235 of the Civil Practice Act. That section authorizes service without the State in any case specified in section 232 of the Civil Practice Act. Subdivision 2 of section 232 covers cases: 16 Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced ”. The issue on this motion is whether the complaint herein comes within subdivision 2 of section 232 of the Civil Practice Act.
In the first cause of action it is alleged that plaintiff recovered judgment against defendant Pyramid Electric Company, a New Jersey corporation, in the court, that defendant General Electric *1085 Company, a domestic corporations, is indebted to the moving defendant for goods sold and delivered, that a subpoena duces tecum in proceedings supplementary to said judgment was duly served on General Electric Company, that it was ordered by this court in such proceedings to withhold a portion of such indebtedness, that it has such withheld portion in its possession, and that this court authorized plaintiff to sue General Electric Company for such withheld portion to be applied on said judgment. Such order was made under section 795 of the Civil Practice Act.
The .second cause of action is substantially the same as the first, except that the garnishee defendant in the second cause of action is Radio Corporation of America, a foreign corporation authorized to do business in New York.
The complaint requests judgment in favor of plaintiff against each of the garnishee defendants for the withheld portions of their indebtedness to the moving defendant, to be applied on said judgment, and directions as to the disposition to be made of the balance of such portions over and above the sum necessary to pay such judgment.
No personal judgment is demanded against the moving defendant. It seems clear that it was joined as a defendant solely because section 795 of the Civil Practice Act, authorizing an action by a judgment creditor against a third party indebted to the judgment debtor, specifically requires that the judgment debtor be made a party.
Manifestly, so far as the moving defendant is concerned, this is an action to exclude it to the extent necessary to satisfy the judgment from its interests in the sums owing by the other defendants to it. The only question is whether such indebtednesses are “ specific * * * personal property within the state,” within the meaning of subdivision 2 of section 232 of the Civil Practice Act.
It has been held that accounts in New York banks (Feuchtwanger v. Central Hanover Bank & Trust Co., 288 N. Y. 342 [1942]) and sums owing by a foreign insurance company as the proceeds of policies on the lives of residents of this State (Morgan v. Mutual Benefit Life Ins. Co., 189 N. Y. 447 [1907]) constituted specific personal property within the State within the meaning of that section and its predecessors. (See, also, Mondin v. Mondin, 274 App. Div. 69 [1st Dept., 1948].) It will be noted that in each of these cases there was involved a mere intangible general indebtedness.
Closely in point are Oishei v. Pennsylvania R. R. Co. (117 App. Div. 110 [1st Dept., 1907], affd. 191 N. Y. 544 [1908]) and *1086 McKennell v. Payne (197 App. Div. 340 [2d Dept., 1921]). Each of these eases was an action by an attorney to enforce his lien on his former client’s cause of action against a third party. In each case the third party was served personally within the State and the former client, being a nonresident, was not to be so served. In the Oishei case the third party was a foreign corporation. In the McKennell case the third party was the United States Director General of Railroads. In each case it was held that by service upon the third party the portion of the fund owing to the former client to which the attorney was entitled became a fund subject to the jurisdiction of our courts.
In the Oishei case, it was said (p. 114): “ Here a defendant over whom the court had jurisdiction concededly had in its hands a fund, the ownership of which was in dispute between a citizen of this State and others who were without its jurisdiction. The defendant who had possession of the fund was before the court and the court had jurisdiction over him and could enforce a judgment determining the ownership of the fund; and by virtue of the jurisdiction thus acquired over the corporation in whose possession the fund was, the fund itself was within the jurisdiction of the court. The court, therefore, had power to call in all others interested in the fund by substituted service of process. As the question to be determined was the ownership of a fund subject to the jurisdiction of the court the proceeding was in rem, the judgment determining the ownership of the fund was binding upon all the parties to the action properly served by process; either personally or by substituted service as authorized by law.”
In the McKennell case, the court stated (pp. 34h-345): “ This action as brought is clearly one in rem, and no personal judgment against the appellant is asked. It seems to me that, if it must be conclusively presumed that the defendant, the Director General, has actually retained and still has in his possession the identical $5,000 upon which the plaintiff claims a lien, plaintiff may maintain his action in this State to foreclose his lien upon that fund as ‘ one affecting specific personal property, ’ 1 which is within the jurisdiction and control of the court, ’ as being in the actual possession of the defendant, the Director General; and that by personal service upon him such property is brought within the jurisdiction and control of this court. It seems to me that it can make no difference that the right to the lien herein arises under the New Jersey statute instead of under our own, the two being substantially the same. The controlling point is that the fund upon which the lien is asserted appears *1087 in the eye of the law to he here, although in fact we well know that it is not.”
So in the instant case, it makes no difference if, as claimed in the reply affidavit, the claims of the moving defendant against the other defendants arose outside the State of New York. Nor does it make any difference that one of said defendants is a foreign corporation. By personal service of the third-party subpoenas under section 781 of the Civil Practice Act on them within the State, their indebtednesses to the moving defendant became funds subject to the jurisdiction of the courts of this State. They must therefore be deemed 11 specific * * *
personal property within the state ” within the meaning of subdivision 2 of section 232 of the Civil Practice Act.
It follows that this is the type of action wherein service may be made outside the State of New York and the motion must be denied.