In the Matter of the Application of WALTER C. B. SCHLESINGER, Petitioner, for an Order Charging a Lien upon an Allowance Made by the Temporary Emergency Relief Administration to SAUL J. ROTHMAN, against SAUL J. ROTHMAN and MORRIS S. TREMAINE, as Comptroller of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, March 19, 1937.

*Schlesinger & Schlesinger*, for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General*, of counsel], for the respondents.

SCHENCK, J.   The petitioner is an attorney at law, and upon this application seeks to impose a charging lien upon an allowance

made by the Temporary Emergency Relief Administration to Saul J. Rothman. The lien is sought to be imposed pursuant to the provisions of section 475 of the Judiciary Law, which, as amended by chapter 876 of the Laws of 1936, reads as follows:

" § 475. Attorney's lien in action or special proceeding. From the commencement of an action or special proceeding in any court or before any State department, except Department of Labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

Rothman was heretofore assigned to work relief, and while so employed was injured. As the result of such injuries he received an award of $1,400 for partial permanent disability in lieu of relief, pursuant to section 16-a of the Emergency Relief Act (added by Laws of 1934, chap. 303), and petitioner seeks to impose a lien thereon for $700. Petitioner performed services for Rothman in obtaining this award, which, according to his allegation, may be worth the sum of $700, but as to this matter no determination is made.

The Emergency Relief Act in so far as this application is concerned includes chapter 798 of the Laws of 1931, as amended by chapter 567 of the Laws of 1932, and chapter 303 of the Laws of 1934. As stated in section 1, the act is a measure for public health and safety, occasioned by the then present economic depression, and was designed to furnish public aid to those in need or unemployed. The administration of the emergency relief provided by the act is vested in a temporary State agency, known as the Temporary Emergency Relief Administration. Funds are supplied not only by governmental agencies, but private contributions and gratuitous services may be donated to carry out the provisions of the act (§§ 3, 14).

Funds available for relief and other benefits under the act are in the nature of trust funds, which ought not to be diverted from their benevolent purpose. Beneficiaries under the act are, in effect, wards of the State and an effort has been made to protect the funds available for their use from being diverted from the direct objects for which they are designed.

Section 16 of the act (as amd. by Laws of 1932, chap. 567) provides as follows: " All moneys paid to persons receiving the relief

provided by and pursuant to this act shall be inalienable by any assignment or transfer and shall be exempt from levy and execution under the laws of the State." This language is sufficiently broad to cover awards made to persons receiving work relief injured in the course of and growing out of the work and it indicates a clear legislative intent to prevent diversion of relief funds. ( *United States* v. *Hall*, 98 U. S. 343, 351.)

The Legislature may attach such conditions as it chooses to gifts of relief funds. They are not inalienable if they may be transferred by direct assignment or indirectly by the creation of attorneys' liens thereon. The award made to Rothman was designed to enable him to live within budgetary necessities. It was not intended that sums thus paid under the award were to provide attorney's fees nor did the Legislature intend that an attorney should obtain a vested right to moneys which are public funds to be devoted to relief purposes.

It is the contention of petitioner that the amendment to section 475 of the Judiciary Law by chapter 876 of the Laws of 1936, giving a lien to an attorney on a claim in a special proceeding before any State department except the Department of Labor, in connection with the determination in *Matter of Albrecht* (225 App. Div. 423; affd., 253 N. Y. 537), shows an intent to impose a lien on an award such as the one in question. The question arises, what is a special proceeding in a State department? The statutory definition of a special proceeding relates to prosecutions in courts. (Civ. Prac. Act, §§ 4, 5; *Matter of Interocean Mercantile Corp.*, 204 App. Div. 284; Gen. Constr. Law, § 46-a.) The Temporary Emergency Relief Administration is not a State department (State Const. art. V, §§ 2, 3, as amd.) nor is it a part of the Department of Social Welfare. It is a legislative creation of a State agency of independent and emergency character. But, apart from technical definitions, in view of the nature of emergency relief and the express declaration contained in section 16 of the act and the public policy which has generally been manifested to protect pensions, bonuses and similar grants of public funds from diversion ( *United States* v. *Hall, supra*), it would require an express provision to indicate a legislative intent to impose liens in favor of attorneys upon awards such as the one in question. Certainly private individuals contributing to relief funds would feel their benevolent purposes frustrated by such procedure whether their donations for work relief were or were not directly applicable to disability awards.

The petitioner is not entitled to the relief sought and the petition is dismissed, with ten dollars costs.