Leonard H. Sandler, J.
In this motion by the defendant City of New York (City) to dismiss an action to recover an attorney’s lien under section 475 of the Judiciary Law, the principal is'sue is posed by the City’s contention that the fund in question derives from a section of Federal law providing for relocation benefits in connection with urban renewal projects, and is not subject to the statutory attorney’s lien.
The City’s claim as to the origin of the fund is explicitly contrary to its prior position opposing the original action for relocation benefits that “ said premises * * * were not required for urban renewal purposes ”. This rather dramatic contradiction is blithely disregarded by the City in the papers submitted to me. Apparently it is assumed that the court should accept without question whatever version the City presents, even though the factual position in one action directly contradicts the position in a previous action.
However, this factual issue need not be resolved. Under any version of what occurred, it is clear that the attorney’s lien provided in sweeping language in section 475 of the Judiciary Law, and which reflects policy considerations of a compelling character, is entirely applicable.
The background facts are simple. A Mrs. Gray was evicted from certain premises that had been previously taken over by the City. She applied for moving expenses and relocation allowances, which were denied, apparently on the view that she owed rent which she denied owing.
Mrs. Gray retained the plaintiff who filed a 'claim for $350 and then, upon the City’s failure to adjust-, commenced an action. In that action, the City denied that the premises were acquired for urban renewal purposes, and claimed that relocation payments were accordingly discretionary. In any event, the plaintiff and an Assistant Corporation Counsel settled the lawsuit for $250, and papers were prepared by the plaintiff and forwarded to the Corporation Counsel. In what seems to the court to have been an act of gross discourtesy to the plaintiff, whatever the merits of this litigation, a check for $250 was sent directly to Mrs. Gray without notice to the plaintiff. This lawsuit followed.
Section 475 of the Judiciary Law provides in pertinent part as follows: ‘ ‘ From the commencement of an action, special or other proceeding in any court or before any state, municipal or *951 federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.”
The language is broad and unqualified, quite obviously intentionally so. It reflects a judgment that it is important to the administration of justice ‘ ‘ to protect the rights of an attorney * * * against a client who seeks to avoid payment for services. It is upheld on the theory that his service and skill produced the judgment, in accordance with the principle which gives a mechanic a lien upon a valuable thing which, by skill and labor, he has produced. # # # The statute affords equitable relief, is remedial in nature, and should be liberally construed, so that its beneficial purposes will not be set at naught through technicalities or a strained construction.” (3 N. T. Jur., Attorney and Client, '§ 135.)
In the light of the sweeping quality of the language and the force of its underlying purposes, one would expect the courts to be slow to find exceptions to its coverage. And indeed I am aware of only two judicially sanctioned exceptions, neither of which is remotely •applicable here.
The first exception is that the lien embodied does not apply to alimony payments. In Turner v. Woolworth (221 N. Y. 425, 430), Judge Caedozo pointed out that the purpose of alimony is support, and asserted that “ Equity, which created the fund, will not suffer its purpose to be nullified.” He also pointed out, however, that the right of the wife to Counsel services does not hinge upon allowing an attorney’s lien to be imposed upon alimony payments. It is surely decisive that the law then as now has made special provision for lawyers to be reimbursed for services to a wife in a matrimonial matter. (See Domestic Relations Law, § 237; Civ. Prac. Act, § 1169.)
A second exception to the applicability of section 475 has been found where the statute establishing the fund in question explicitly mandates that the fund be “ inalienable ” and where that fund is intended1 to provide subsistence payments for the recipient. Such was the situation in Matter of Schlesinger v. Rothman (162 Misc. 317) where the funds in question were payments under the Emergency Relief Act, and where that statute *952 broadly declared the payments provided to be inalienable and to be exempt from levy and execution.
Neither essential feature is present here. The statute and regulations here do not render the funds inalienable, and they are clearly designed to be .compensatory rather than to provide subsistence payments. (See Federal Housing Act of 1956, § 305; U. S. Code, tit. 42, § 1450; 24 Code of Fed. Beg., §§ 3.100-3.110.)
Even if the instant facts fell within the doctrine of the ScMesinger case, I would strongly disagree that the appropriate judicial response would be simply to deny the applicability of the lien. The inescapable result of such an approach would be to limit the right of poor people to retain counsel to seek payments which have been unlawfully withheld from them.
Surely the better approach in that situation would be to make answerable for attorney’s fees government units which through their own errors have caused individuals to retain lawyers to obtain subsistence payments to which they are entitled. However, as indicated above that issue is not present for decision here.
The remaining grounds for dismissal can be disposed of quickly.
The City contends that the action must fall, because plaintiff failed to file a formal notice of lien with the Comptroller. No such requirement appears in section 475 of the Judiciary Law where actions were in fact commenced, as was the case here. Nor, assuming arguendo that the fund in question here derived from section 305 of the Federal Housing Act of 1956, is there anything in the language of the statute or the regulations adopted under it that requires the filing of a formal notice of lien by an attorney who has commenced an action on behalf of a client. Section 3.108 of title 24 of the Code of Federal Begulations referred to in the moving papers, clearly relates to claims for relocation funds,, not to notices of statutory liens for services rendered.
Finally, the City correctly points out that the complaint fails to contain the allegation required by section 394a-1.0 of the Administrative Code that at least 30 days have elapsed since a notice of claim was presented for adjustment and that the Comptroller has refused to make such adjustment. Although the fact itself is not in dispute, it is clear that the City has a right to insist that the allegation be formally stated, and an amendment to the complaint is therefore required. It is also clear that Mrs. Gray must be joined as a necessary party in the present posture of the law, although I am inclined to think that *953 requirement would justify a fresh examination under other circumstances.. (3 N. Y. Jur., Attorney and Client, § 161.)
Defendant’s motion is granted only to the extent of dismissing the complaint, with leave to serve an amended complaint, as indicated, on the defendant, and it is further ordered that a summons and amended complaint he served upon Mrs. Gray.